In the Matter of the ESTATE OF Allen T. STEVENSON, Deceased, and Amanda Snow, a minor by her next friend, Elizabeth Talovich, Plaintiffs–Appellants,

v.

The HOLLYWOOD BAR AND CAFE, INC., d/b/a The Hollywood Bar, Defendant–Appellee.

No. 91SA266.

Supreme Court of Colorado, En Banc.

July 13, 1992.

The Branch Law Firm, Turner W. Branch, Albuquerque, N.M., David C. Chavez, Los Lunas, N.M., Harding & Ogborn, Denise K. Young, Denver, for plaintiffs-appellants.

Fossum, Hatter & Green, P.C., Michael F. Green, Cortez, for defendant-appellee.

Justice KIRSHBAUM delivered the Opinion of the Court.

Appellants, the Estate of Allen T. Stevenson and Stevenson's minor daughter,

Amanda Snow, by her next friend and natural mother, Elizabeth Talovich, appeal the trial court's judgment dismissing their wrongful death claims against appellee, The Hollywood Bar and Cafe, Inc. (Hollywood Bar).[1] The trial court ruled that the appellants' claims were barred by the statutes of limitations contained in sections 12–46–112.5(3)(a)(II) and 12–47–128.5(3)(a)(II), 5B C.R.S. (1991).[2] We affirm.

## I

The appellants initiated this civil action on May 7, 1990. The complaint alleged in pertinent part that on May 23, 1988, the Hollywood Bar sold liquor to Stevenson and Ryan Lee; that at the time the Hollywood Bar knew or should have known that both Stevenson and Lee were minors and were intoxicated; that the conduct of the Hollywood Bar constituted negligence, negligence per se, and gross negligence; and that such conduct caused the wrongful death of Stevenson later that date when an automobile driven by Lee in which Stevenson was a passenger was involved in an accident.

The Hollywood Bar filed a motion for summary judgment, asserting, *inter alia,*

1. The record contains inconsistent references to the identity of the parties to this appeal. The caption of the complaint refers to "The Estate Allen J. Stevenson [sic] and Amanda Snow, a minor ..., Plaintiff." *The complaint is signed* by an attorney "for Plaintiffs," however, and that pleading commences with references to "Plaintiffs" and "their Complaint." The notice of appeal for the most part refers to the moving parties as "Plaintiffs." While portions of other pleadings and briefs refer only to the minor child of the deceased as a plaintiff, we assume, as has the appellee, that both the Estate of Allen Stevenson and his daughter Amanda are appellants here.

2. Section 12–46–112.5, 5B C.R.S. (1991), applies to claims arising from the sale, service or provisions of fermented malt beverages. Section 12–47–128.5, 5B C.R.S. (1991), applies to claims arising from the sale, service or provision of alcoholic beverages.

3. The motion for summary judgment and supporting brief also asserted that insofar as the complaint sought to allege first party claims against the Hollywood Bar pursuant to §§ 12–48–112.5(3)(b) and 12–47–128.5(3)(b), such

that the appellants' claims were barred by the one-year statutes of limitations contained in sections 12–46–112.5(3)(a)(II) and 12–47–128.5(3)(a)(II), 5B C.R.S. (1991).[3] In responding to the motion, the plaintiffs conceded that their claims were not filed within the time periods established by the two statutes. They asserted, however, that those statutes violated the open courts guarantee of article II, section 6, of the Colorado Constitution; the prohibitions against special legislation established by article II, section 11, and article V, section 25, of the Colorado Constitution; and the Colorado constitutional guarantee of equal protection of the laws. The trial court rejected the appellants' arguments and granted the Hollywood Bar's motion. Appellants now appeal the trial court's judgment.[4]

## II

The appellants concede that their claims were filed more than one year after the date of Stevenson's death, and further concede that the one-year statutes of limitations contained in sections 12–46–112.5(3)(a)(II) and 12–47–128.5(3)(a)(II) are applicable to their claims. The appellants informed the trial court that they filed

claims were barred by the specific language of those statutory provisions. The trial court's order of dismissal addresses only the constitutionality of the one-year statutes of limitations contained in §§ 12–46–112.5(3)(a) and 12–47–128.5(3)(a). For purposes of review, therefore, this appeal in effect poses only the question of the constitutionality of the one-year statutes of limitations applicable to third party claims, as established by §§ 12–46–112.5(3)(a) and 12–47–128.5(3)(a), 5B C.R.S. (1991).

In their briefs filed in this court, however, both parties address the constitutionality of §§ 12–46–112.5(3)(b) and 12–47–128.5(3)(b), prohibiting altogether first party claims against licensees who sell, serve or provide alcoholic beverages, including malt beverages. Those questions were answered adversely to the appellants' arguments in *Sigman v. Seafood Ltd. Partnership,* 817 P.2d 527 (Colo.1991), decided subsequently to the trial court's ruling in this case. *See also Charlton v. Kimata,* 815 P.2d 946 (Colo. 1991).

4. The case was initially filed in the Court of Appeals but subsequently transferred to this court in view of the constitutional issues present. § 13–4–102(1)(b), 6A C.R.S. (1987).

their claims on the basis of their conclusion that the two statutes of limitations were constitutionally invalid.[5] The statutes here challenged are presumed to be constitutional, and the appellants assume the burden of establishing the invalidity of such legislation beyond a reasonable doubt. *Charlton v. Kimata,* 815 P.2d 946, 949 (Colo.1991); *Dove v. Delgado,* 808 P.2d 1270, 1273 (Colo. 1991); *Palmer v. A.H. Robins Co.,* 684 P.2d 187, 214 (Colo.1984).

## III

### A

■ The appellants argue that the statutes of limitations here challenged impermissibly restrict their right of access to the courts and in effect deprive them of remedies for Hollywood Bar's tortious conduct. We disagree.

Article II, section 6, of the Colorado Constitution provides in pertinent part as follows:

> Courts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character; and right and justice should be administered without sale, denial or delay.

Colo. Const. art. II, § 6. If a right accrues under the law, this constitutional provision ensures the availability of a judicial forum to effectuate that right. *Sigman v. Seafood Ltd. Partnership I,* 817 P.2d 527, 533 (Colo.1991); *Dove v. Delgado,* 808 P.2d 1270, 1275 (Colo.1991); *O'Quinn v. Walt Disney Prods.,* 177 Colo. 190, 195, 493 P.2d 344, 346 (1972); *Goldberg v. Musim,* 162 Colo. 461, 469, 427 P.2d 698, 703 (1967).

■ Statutes of limitations do not bar the filing of claims, but rather establish time limitations within which specified claims may be filed. Such statutes are designed to promote justice, discourage unnecessary delay and forestall the prosecution of stale claims. *Dove,* 808 P.2d at 1274; *State Bd. of Medical Exam'rs v. Jorgensen,* 198 Colo. 275, 279, 599 P.2d 869, 872 (1979). A statute of limitations does not unduly restrict the right of access to the courts unless the time period established therein is so limited as to amount to a denial of justice. *Dove,* 808 P.2d at 1273. *See Oberst v. Mays,* 148 Colo. 285, 292, 365 P.2d 902, 905 (1961). We have recognized that the General Assembly has the primary authority to determine what period of time should be considered reasonable. *Dove,* 808 P.2d at 1273; *Oberst,* 148 Colo. at 292, 365 P.2d at 905.

The one-year period of time adopted by the General Assembly in sections 12–46–112.5(3)(a)(II) and 12–47–128.5(3)(a)(II), 5B C.R.S. (1991), is not unreasonably limited in duration. Similar time periods are provided for numerous other classifications of civil actions. *See* § 13–80–103(1)(a), 6A C.R.S. (1987) (establishing one-year periods of limitations for tort actions of assault, battery, false imprisonment, false arrest, libel and slander). While other options were available to the General Assembly, its decision to establish a one-year period within which to file a claim against liquor licensees for tortious conduct in serving, selling or providing alcoholic beverages does not constitute a denial of justice to persons acquiring such claims.

---

**5.** The appellants assert on appeal that in this case the provisions of § 13–81–103, 6A C.R.S. (1987), operate to toll the one-year statutes of limitations with respect to the claims of Amanda Snow. Section 13–81–103(1)(a) provides in pertinent part that, notwithstanding other applicable statutes of limitations, a legal representative of a person under a disability may file a lawsuit on behalf of the disabled person within two years of his or her appointment as legal representative. A minor is considered a person under disability for purposes of the tolling provisions of § 13–81–103. *Tenney v. Flaxer,* 727 P.2d 1079 (Colo.1986). The appellants did not

rely on the tolling provisions of § 13–81–103 at trial in response to the Hollywood Bar's summary judgment motion, although the complaint alleges that Elizabeth Talovich is "the next friend and the natural mother of Amanda Snow, a minor." Arguments never presented to, considered or ruled upon by a trial court may not be raised for the first time on appeal. *Paine, Webber, Jackson & Curtis, Inc. v. Adams,* 718 P.2d 508, 514 (Colo.1986); *Christensen v. Hoover,* 643 P.2d 525, 531 (Colo.1982); *Matthews v. Tri–County Water Conservancy Dist.,* 200 Colo. 202, 206, 613 P.2d 889, 892 (1980).

## B

■ Appellants next argue that the two statutes of limitations grant immunities to liquor licensees in violation of article II, section 11, and article V, section 25, of the Colorado Constitution. We disagree.

Article II, section 11, of the Colorado Constitution provides in pertinent part, that "[n]o ... law ... making any irrevocable grant of special privileges, franchises or immunities, shall be passed by the general assembly." This particular constitutional provision prohibiting the establishment of irrevocable grants of special privileges, franchises or immunities has generally been invoked by parties asserting that particular legislation grants entities perpetual and exclusive authority to receive compensation from public funds for the provision of services or supplies. *See In re Interrogatory Concerning House Bill 91S-1005*, 814 P.2d 875, 884–85 (Colo.1991); *Public Service Co. v. City of Loveland*, 79 Colo. 216, 226, 245 P. 493, 497 (1926); *City of Leadville v. Leadville Sewer Co.*, 47 Colo. 118, 130–31, 107 P. 801, 804 (1909). *See also Thomas v. City of Grand Junction*, 13 Colo.App. 80, 84, 56 P. 665, 667 (1899); *City and County of Denver v. Denver Tramway Corp.*, 23 F.2d 287, 300–02 (8th Cir.1927), *cert. denied*, 278 U.S. 616, 49 S.Ct. 20, 73 L.Ed. 539 (1928); *Westinghouse Elec. & Mfg. Co. v. Denver Tramway Co.*, 3 F.2d 285, 300–01 (D.Colo. 1924). The statutes of limitations here challenged by their terms do not grant liquor licensees any perpetual or exclusive privilege or franchise, and merely condition rather than prohibit the filing of claims. *In re Interrogatory*, 814 P.2d at 885. *See Schafer v. Aspen Skiing Corp.*, 742 F.2d 580, 582 (10th Cir.1984).[6]

■ Article V, section 25, of the Colorado Constitution provides in pertinent part that "[t]he general assembly shall not pass local or special laws ... granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever."

■ A statute that is general and uniform in its operation upon all similarly situated entities or persons does not constitute local or special legislation as contemplated by article V, section 25. *Sigman*, 817 P.2d at 533; *Charlton v. Kimata*, 815 P.2d 946, 952 (Colo.1991); *Curtiss v. GSX Corp. of Colorado*, 774 P.2d 873, 876 (Colo. 1989); *City of Montrose v. Public Utils. Comm'n*, 732 P.2d 1181, 1191 (Colo.1987); *McCarty v. Goldstein*, 151 Colo. 154, 158, 376 P.2d 691, 693 (1962). The statutes of limitations established by sections 12–46–112.5(3)(a)(II) and 12–47–128.5(3)(a)(II), 5B C.R.S. (1991), apply uniformly to all licensees who sell, serve or provide alcoholic beverages, including fermented malt beverages. They therefore do not constitute special legislation in violation of article V, section 25, of the Colorado Constitution unless the basic classification of liquor licensees is itself constitutionally impermissible. *In re Interrogatory*, 814 P.2d at 885–86; *Poudre Valley Rural Elec. Ass'n v. City of Loveland*, 807 P.2d 547, 553 (Colo. 1991). Uniform application of a statute establishing unreasonable or arbitrary classifications would not satisfy constitutional requirements. *See In re Interrogatory*, 814 P.2d at 886.

■ The appellants assert that liquor licensees cannot be considered a constitutionally valid class under rational relationship analysis. We disagree.

---

**6.** The appellants argue in their brief that the two statutes of limitations "provide the liquor industry with special immunities and privileges," and cite the decision of *McClanahan v. American Gilsonite Co.*, 494 F.Supp. 1334, 1344 (D.Colo.1980), for the assertion that the test for measuring their privileges and immunities claim is the rational relationship standard generally associated with equal protection analysis. The appellants do not suggest that their article II, section 11, claim requires any different analysis from that appropriate for evaluation of

their article V, section 25, claim. We have not had occasion to consider directly the relationship between the two constitutional provisions, *see McClanahan*, 494 F.Supp. at 1344, and need not do so in the context of this case. Furthermore, we have expressly rejected *McClanahan's* holding that § 13–10–127, 6 C.R.S. (1973), violates state constitutional provisions. *Criswell v. M.J. Brock & Sons, Inc.*, 681 P.2d 495, 498 (Colo. 1984); *Yarbro v. Hilton Hotels Corp.*, 655 P.2d 822, 828 n. 8 (Colo.1982).

It must first be observed that liquor licensees constitute a readily identifiable group or class because of the nature of the product with which they deal. Members of such class voluntarily join it and pay fees to retain the authority commensurate with such membership.

The appellants do not challenge the statutory or regulatory framework defining liquor licensees as a class. Rather they suggest that the distinction drawn between liquor licensees and other tortfeasors is not rationally related to any legitimate governmental interest. We have recently recognized the validity of the General Assembly's interest in preventing injuries from negligence arising in the context of the provision, sale and consumption of alcoholic beverages. *Sigman*, 817 P.2d at 533; *Charlton*, 815 P.2d at 951. The reasoning articulated in those decisions requires the conclusion here that the General Assembly's identification and treatment of liquor licensees as a group or class is rational and is rationally related to a legitimate governmental interest. We therefore conclude that the statutes of limitations here challenged do not violate the prohibitions contained in article V, section 25, of the Colorado Constitution.

### C

Appellants finally assert that the one-year statutes of limitations here challenged violate Colorado constitutional guarantees of equal protection of the laws by arbitrarily limiting claims against liquor licensees. They assert that the legislative distinctions between negligent liquor licensees and other tortfeasors and between persons negligently injured by the conduct of liquor licensees and persons negligently injured by other tortfeasors are not rational and serve no legitimate governmental purpose. We disagree.

The right to equal protection of the laws guaranteed by the due process clause of article II, section 25, of the Colorado Constitution assures that persons similarly situated will receive like treatment. *Sigman*, 817 P.2d at 532; *Gallegos v. Phipps*, 779 P.2d 856, 860 (Colo.1989); *Lu-*

*jan v. State Bd. of Education*, 649 P.2d 1005, 1014 (Colo.1982). For purposes of equal protection analysis, if a challenged classification scheme neither affects a fundamental right, creates a suspect classification, nor is based upon gender, the legislation will be deemed valid if it has some rational basis in fact and bears a rational relationship to a legitimate governmental objective. *Sigman*, 817 P.2d at 532; *Austin v. Litvak*, 682 P.2d 41, 50 (Colo.1984).

In addressing the appellants' privileges and immunities claims, we acknowledged the validity of the legislative identification of the class of liquor licensees and found a rational relationship between that classification and the legitimate governmental interest of regulating the provision, sale and consumption of alcoholic beverages. *See Sigman*, 817 P.2d at 532; *Charlton*, 815 P.2d at 951. We also emphasized the General Assembly's general authority to determine what constitutes a reasonable period of time for purposes of legislation establishing limitations on the filing of claims. *Dove*, 808 P.2d at 1274; *Mishek v. Stanton*, 200 Colo. 514, 518, 616 P.2d 135, 138 (1980); *Oberst*, 148 Colo. at 292, 365 P.2d at 905. Observing that the General Assembly has adopted one-year statutes of limitations respecting other tort claims, *see* § 13–80–103, 6A C.R.S. (1987), we concluded that the one-year time periods here challenged do not constitute such drastic limitations on the rights of injured parties to obtain judicial resolution of their claims as to offend constitutional due process standards of fundamental fairness. *See Oberst*, 148 Colo. at 292, 365 P.2d at 905. For those reasons, we also conclude that the one-year statutes of limitations established by the terms of sections 12–46–112.5(3)(a)(II) and 12–47–128.5(3)(a)(II) for the filing of claims against liquor licensees do not violate the equal protection guarantees of article II, section 25, of the Colorado Constitution.

### IV

For the foregoing reasons, the judgment of the trial court is affirmed.