**DELTA SALES YARD,**
**Plaintiff–Appellant,**

v.

**Pepper PATTEN, Defendant–Appellee.**

**No. 92CA1449.**

Colorado Court of Appeals,
Div. V.

Sept. 9, 1993.

Rehearing Denied Nov. 4, 1993.

Certiorari Granted March 21, 1994.

Woodrow, Roushar & Carey, Frank J. Woodrow, Montrose, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Gregg E. Kay, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge HUME.

Delta Sales Yard, plaintiff, appeals the summary judgment entered by the trial court in favor of Pepper Patten, defendant. We affirm.

On November 26, 1990, plaintiff filed a complaint against defendant and Joseph R. Schrader, not a party to this appeal. The complaint alleged that on December 5, 1988, defendant, a state brand inspector, acting in a willfully and wantonly negligent manner permitted the resale of cattle without the proper title clearance and that plaintiff was injured thereby.

As an affirmative defense, defendant raised the one-year statute of limitation contained in § 13–80–103(1)(c), C.R.S. (1987 Repl.Vol. 6A). Defendant subsequently filed a motion for summary judgment based on that issue.

Section 13–80–103(1)(c), in pertinent part, provides that

> (1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within one year after the cause of action accrues, and not thereafter:
>
> . . . .
>
> (c) All actions against sheriffs, coroners, police officers, firefighters, national

guardsmen, or any other law enforcement authority.

Plaintiff asserted that § 13–80–103(1)(c) was unconstitutionally vague and overbroad both facially and as applied and that the two-year limitation provided by § 13–80–102, C.R.S. (1987 Repl.Vol. 6A) is the governing limitation. The trial court determined that the state board of stock inspection was a law enforcement authority within the meaning of § 13–80–103(1)(c) and that defendant was a law enforcement officer within the scope of that provision. The trial court then dismissed plaintiff's claim against defendant. While the trial court did not expressly rule on the constitutional challenges, its rejection of them is implicit in the court's application of the challenged limitation statute.

## I.

■ Plaintiff contends that § 13–80–103(1)(c) violates the due process clauses of the Fourteenth Amendment to the United States Constitution and article II, section 25 of the Colorado Constitution. We disagree.

■ A statutory limitation provision is presumed constitutional, and the party attacking it bears the burden to establish its unconstitutionality beyond a reasonable doubt. *Estate of Stevenson v. Hollywood Bar & Cafe, Inc.,* 832 P.2d 718 (Colo.1992). In considering a statute, it is not the role of the court to determine whether particular legislation is wise or desirable. *Bloomer v. Boulder County Board of Commissioners,* 799 P.2d 942 (Colo.1990).

## A.

Plaintiff first asserts that § 13–80–103(1)(c) is unconstitutionally vague because of its failure to include or incorporate a definition of the term "any other law enforcement authority." We disagree.

■ The controlling principle in a void-for-vagueness challenge is whether the questioned law either forbids or requires the doing of an act in terms so vague that individuals of ordinary intelligence must necessarily guess as to its meaning and differ as to its application. *People ex rel. Arvada v. Nissen,*

650 P.2d 547 (Colo.1982). However, generality is not the equivalent of vagueness, and statutory terms need not be defined with mathematical precision to withstand a vagueness challenge. *Watso v. Colorado Department of Social Services,* 841 P.2d 299 (Colo. 1992).

Here, the limitation provision specifically applies to sheriffs, coroners, police officers, firefighters, and national guardsmen. Except for firefighters, the expressed classifications are peace officers pursuant to § 18–1–901(3)(*l*), C.R.S. (1992 Cum.Supp.) (relevant language identical to then-effective provision). And, subject to specified limitations, all peace officers have authority to enforce all of the laws of the state while acting within the scope of their authority and in the performance of their duties. Section 18–1–901(3)(*l*)(I).

Thus, we conclude that § 18–1–901 provides a compilation of recognized law enforcement authorities within the state and that § 13–80–103(1)(c) is sufficiently clear to permit an individual of ordinary intelligence to ascertain the meaning of "other law enforcement authority" by reference to the peace officer classification statute.

■ We reject plaintiff's alternative argument that the application of § 13–80–103(1)(c) must be limited to the definition of "law enforcement authority" contained in § 30–11–403(3), C.R.S. (1986 Repl.Vol. 12A).

The Law Enforcement Authority Act of 1969, § 30–11–401, et seq., C.R.S. (1986 Repl. Vol. 12A), provides that

'law enforcement authority' . . . means a taxing unit which may be created by a county in this state for the purpose of providing additional law enforcement by the county sheriff to the residents of the developed or developing unincorporated area of the county.

Section 30–11–403(3).

However, a thorough review of use of the phrase "law enforcement authority" throughout the Colorado Revised Statutes convinces us the phrase is not limited to county law enforcement authorities created pursuant to § 30–11–401. *See* §§ 13–90–201 and 13–90–202(1), C.R.S. (1987 Repl. Vol. 6A) (law en-

forcement authority of the state or any of its political subdivisions); § 24–33.5–412(a), C.R.S. (1988 Repl.Vol. 10A) (any sheriff, chief of police, district attorney, or chief law enforcement officer equated to "such law enforcement authority"); § 43–4–506.5(1), C.R.S. (1992 Cum.Supp.) (state and local law enforcement authorities).

We therefore conclude that § 18–1–901(3)(*l*) is a compilation of state-recognized law enforcement authorities and that "any other law enforcement authority" encompasses all peace officers included in that compilation.

## B.

■ Plaintiff next asserts that § 13–80–103(1)(c) violates its right to equal protection guaranteed by the United States and Colorado Constitutions because the provision fails to restrict its application to law enforcement activities. Plaintiff argues that absent such restrictions, § 13–80–103(1)(c) would limit any and all actions brought against an individual employed within a specified classification for acts unrelated to that person's official employment, thereby creating a protected classification unrelated to a legitimate governmental interest. We reject plaintiff's contention.

■ Equal protection of the laws requires the government to accord similar treatment to all persons who are similarly situated. *Mayo v. National Farmers Union Property,* 833 P.2d 54 (Colo.1992).

■ For the purposes of equal protection analysis, if the challenged classification scheme neither affects a fundamental right, creates a suspect classification, nor is based upon gender, legislation will be deemed valid if it has some rational basis in fact and bears a rational relationship to a legitimate governmental objective. *Estate of Stevenson v. Hollywood Bar & Cafe, Inc., supra.*

■ The party challenging a statutory classification bears the burden to prove beyond a reasonable doubt that the statutory classification is unreasonable or, if reasonable, is unrelated to any legitimate govern-

mental objective. *Dove v. Delgado,* 808 P.2d 1270 (Colo.1991).

Here, § 18–1–901(3)(*l*) provides that each of the various classes of peace officer has the authority to enforce all the laws of the state "while acting within the scope of his authority and in the performance of his duties." Furthermore, the Colorado Governmental Immunity Act provides immunity to public employees for claims arising from "an act or omission of such employee occurring during the performance of his duties and within the scope of his employment...." Section 24–10–118(2)(a), C.R.S. (1992 Cum.Supp.) (identical to former § 24–10–118(2) in effect at the time pertinent here).

■ Moreover, in interpreting a statute, a reviewing court must presume that the General Assembly intended a just and reasonable result and must seek to avoid an interpretation that leads to an absurd result. *Utah Motel Associates v. Denver County Board of Commissioners,* 844 P.2d 1290 (Colo.App.1992).

Thus, a plain reading of § 13–80–103(1)(c), together with other pertinent statutes, limits its effect to actions arising from acts performed within the scope of a defendant's authority as a law enforcement authority or peace officer in the performance of official law enforcement duties.

Correspondingly, we conclude that the classification is both reasonable and related to the legitimate governmental objective of establishing time limitations within which to file a claim so as to promote justice, discourage unnecessary delay, and forestall the prosecution of stale claims. *Estate of Stevenson v. Hollywood Bar & Cafe, Inc., supra; see Bailey v. Clausen,* 192 Colo. 297, 557 P.2d 1207 (1976) (one-year statute of limitations against police officer served purpose of avoiding stale claims).

## II.

■ Plaintiff finally contends that, in the event we determine that the peace officer classification statute is controlling, the application of § 13–80–103(1)(c) to brand inspectors should, nevertheless, be limited to duties authorized by § 35–53–128, C.R.S. (1984

Repl.Vol. 14). He argues that because the peace officer classification for brand inspectors contained in § 18–1–901(3)(*l*)(IV), C.R.S. (1992 Cum.Supp.) refers specifically to § 35–53–128, a brand inspector's peace officer status is restricted to those activities authorized by § 35–53–128. Plaintiff reasons that, because the subject matter of his complaint did not implicate any of those duties, the trial court erred in dismissing his claim. We do not agree that under a plain reading of §§ 18–1–901 and 35–53–128 the peace officer status of brand inspectors is so limited.

■ Statutory language should be given effect according to its plain and literal meaning, unless to do so would lead to absurd results. *People in Interest of G.M.*, 844 P.2d 1341 (Colo.App.1992).

Section 18–1–901(3)(*l*)(IV) defines a level III peace officer to include "a brand inspector pursuant to section 35–53–128, C.R.S." Correspondingly, § 35–53–128(2), C.R.S. (1987 Repl.Vol. 14) provides that brand inspectors "*in the exercise of their statutory duties* are vested with all the powers of arrest, with or without a warrant, conferred upon peace officers as set forth in section 16–3–101, C.R.S." (emphasis added).

After a plain reading of the statute, we conclude that § 35–53–128 does not limit the exercise of the brand inspector's peace officer authority but encompasses all of his "statutory duties" to enforce all the laws of the state pursuant to § 18–1–901(3)(*l*)(IV).

We conclude that the position of brand inspector is within the scope of "any other law enforcement authority" because it is classified a level III peace officer pursuant to § 18–1–901. Furthermore, because the application of § 13–80–103(1)(c) is not limited to certain brand inspector duties, we conclude that the trial court did not err in dismissing plaintiff's claim.

Judgment affirmed.

DAVIDSON and TAUBMAN, JJ., concur.