SPORTSMAN'S QUIKSTOP I,
LTD., Plaintiff–Appellee,

v.

Barry DIDONATO, Defendant–Appellant.

No. 00CA0593.

Colorado Court of Appeals,
Div. I.

Aug. 2, 2001.

West Weaver Hepner, P.C., Scott Gelman, Douglas Norberg, Greenwood Village, CO, for Plaintiff–Appellee.

Inman Flynn & Biesterfeld, P.C., Jeffrey N. Herren, Denver, CO, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

Defendant, Barry Didonato, appeals from the judgment confirming an arbitration award setting the amount of monthly rent charged in a sublease between defendant and plaintiff, Sportsman's Quickstop I, Ltd. Defendant also appeals from a subsequent order denying his motion to amend the judgment. We affirm.

After the parties were unable to agree to the amount of future rental payments due, they submitted the matter to binding arbitration pursuant to a provision in the sublease. Each party selected one arbitrator. The arbitrators met and on September 9, 1999, issued their findings and award setting the amount of rent at $2420 per month including expenses. The record indicates that the parties received copies of the award no later than September 15, 1999.

On November 22, 1999, plaintiff filed a motion in the trial court under the Uniform Arbitration Act (UAA), § 13–22–213, C.R.S. 2000, seeking confirmation of the award. On December 10, 1999, defendant filed a response in which he objected to the language in the award and requested a hearing to determine the "proper interpretation" of the award.

On December 27, 1999, the trial court entered an order confirming the award. Thereafter, on January 6, 2000, defendant filed a "Motion for Amendment of Judgment," attaching a letter from one of the arbitrators claiming he had believed that the $2420 monthly rental amount excluded expenses. Based upon the letter, defendant argued that the award should be set aside because there had been a mistake of fact and no meeting of the minds between the arbitrators.

Plaintiff filed a response asserting that defendant's motion to amend was untimely. Plaintiff also attached an affidavit from the second arbitrator stating that the award accurately reflected the agreement of both arbitrators that the monthly rental amount included expenses.

The trial court denied defendant's motion to amend after determining that defendant's motion was untimely and failed to raise any proper ground for vacating or modifying the award. The trial court further indicated that it would be inappropriate to allow an arbitrator to impeach his own signed arbitration award.

I.

Defendant first contends that the trial court erred in initially confirming the arbitration award. He argues that the trial court should have determined that the arbitrators exceeded their authority and that the award was ambiguous. We disagree.

Arbitration is a special statutory proceeding, and the UAA sets out in precise detail the rules that apply to confirmation of an arbitration award and the methods by which a party may request the court to vacate or modify such an award. *Kutch v. State Farm Mut. Auto. Ins. Co.*, 960 P.2d 93 (Colo.1998). The sole bases for vacating, modifying, or correcting an arbitration award are set forth in §§ 13–22–214(1) and 13–22–215(1), C.R.S.2000. *See Foust v. Aetna Cas. & Ins. Co.*, 786 P.2d 450 (Colo.App.1989). Both of those sections specifically require that an application seeking such relief be made "within thirty days after delivery of a copy of the award to the applicant."

Failure to comply with the UAA's special statutory procedure for challenging an arbitration award on its merits or the power of arbitrators to make an award bars any such objection to the award in a confirmation proceeding. *Kutch v. State Farm Mut. Auto. Ins. Co., supra;* see § 13–22–213.

Here, defendant asserted that the arbitrators exceeded their authority and that the award was ambiguous in his response to plaintiff's motion to confirm the award. However, that response was filed fifty-five

days after defendant received a copy of the award.

Thus, because defendant failed to timely follow the procedures set forth in the UAA for vacating, modifying, or correcting the award, he was barred from presenting these substantive defenses in response to plaintiff's motion. *See Kutch v. State Farm Mut. Auto. Ins. Co., supra.*

## II.

■ Defendant next contends that the court erred in denying his motion to amend the judgment confirming the arbitration award. Specifically, defendant claims the trial court should have construed the motion as a C.R.C.P. 60(b) motion and should have vacated the judgment based upon the arbitrator's letter impeaching or contradicting the award. We disagree.

■ Because the UAA provides the exclusive means to challenge acts that taint an arbitration decision, *see Foust v. Aetna Cas. & Ins. Co., supra,* a C.R.C.P. 60(b) motion to vacate a judgment is not a proper vehicle to challenge the merits of the underlying arbitration award. See *ML Park Place Corp. v. Hedreen,* 71 Wash.App. 727, 862 P.2d 602 (1993)(Rule 60(b) cannot be used as an alternative route to attack an arbitration award outside of the statutory limitations period); see also *Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.,* 791 F.2d 1334 (9th Cir.1986)(federal arbitration act provides exclusive grounds for challenging an arbitration award within its purview); *Washington–Baltimore Newspaper Guild v. Washington Post Co.,* 442 F.2d 1234 (D.C.Cir.1971)(Fed.R.Civ.P. 60(b) was not meant to be applied to final arbitration awards); *Cook Chocolate Co. v. Salomon Inc.,* 748 F.Supp. 122 (S.D.N.Y. 1990)(Fed.R.Civ. P. 60(b) unavailable to directly contest arbitrators' decision), *aff'd,* 932 F.2d 955 (2d Cir.1991).

Allowing a party to challenge an underlying arbitration award through a C.R.C.P. 60(b) motion would render superfluous the substantive and procedural limitations on such challenges contained in §§ 13–22–114 and 13–22–115. *See* C.R.C.P. 81 (the rules of civil procedure do not apply to special statutory proceedings insofar as they are inconsistent or in conflict with the procedure or practice provided in the applicable statute.) It would also undermine the intent of the UAA to allow for prompt enforcement of arbitration awards. *See Kutch v. State Farm Mut. Auto. Ins. Co., supra* (UAA is specifically designed to limit, rather than enlarge, the role of the judiciary and to allow for enforcement without undue delay or expense).

■ We do not disagree that a C.R.C.P. 60(b) motion remains available to attack a judgment confirming an arbitration award on grounds of a defect inherent in the judgment itself or the means by which it was obtained. Thus, it would be appropriate to seek to vacate such a judgment if, for example, the movant had not received notice of a motion seeking to confirm the arbitration award. *See Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., supra* (fraud alleged in the arbitration does not render the judgment fraudulently obtained).

Here, however, defendant's motion did not challenge the propriety of the judgment confirming the award. Indeed, the arbitrator's letter was submitted by defendant to show that the award was entered based on a mistake of fact and without a meeting of minds. Thus, defendant's challenge was to the award itself, which, we hold, cannot be attacked collaterally outside the statutory time period "under the guise of a motion to set aside the judgment confirming the award." *See ML Park Place Corp. v. Hedreen, supra,* 862 P.2d at 611.

## III.

■ We do not address defendant's allegations of fraud or inequitable conduct by one of the arbitrators during the thirty-day period in which defendant could have filed a motion to vacate, modify, or correct the award. Defendant failed to raise these allegations in the trial court. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.,* 832 P.2d 718 (Colo.1992)(arguments never presented to, considered by, or ruled upon by

a trial court may not be raised for the first time on appeal).

Plaintiff's request for attorney fees based upon the sublease agreement may be raised in the trial court.

The judgment and order are affirmed.

METZGER and ROY, JJ., concur.