**WRWC, LLC, Plaintiff–Appellant,**

v.

**CITY OF ARVADA and Avset Management Services, LLC, Defendants–Appellees.**

No. 03CA0445.

Colorado Court of Appeals, Div. V.

July 29, 2004.

Certiorari Denied Feb. 14, 2005.

Holley, Albertson & Polk, P.C., Dennis B. Polk, Eric E. Torgersen, Golden, Colorado, for Plaintiff–Appellant.

No Appearance for Defendant–Appellee City of Arvada.

Elwyn F. Schaefer & Associates, P.C., Elwyn F. Schaefer, Denver, Colorado; Carl H. Tessler, P.C., Carl H. Tessler, Denver, Colorado, for Defendant–Appellee Avset Management Services, LLC.

Opinion by Judge RUSSEL.

In this action for injunctive relief, plaintiff, WRWC, LLC, appeals the trial court's summary judgment in favor of defendants, the City of Arvada and Avset Management Services, LLC. We affirm.

In 1974, the original property owner divided his land and conveyed the western parcel to Avset's predecessor. To make full use of an existing road, the owner reserved an easement (the road easement) over part of the western parcel. The owner later conveyed the eastern parcel to Veldkamp's Flowers, Inc., which is not a party to this action.

In 1978, Veldkamp's obtained a decree from the water court establishing a nontributary ground water right that allowed it to withdraw water from an existing well on the eastern parcel. Veldkamp's sold these water rights to plaintiff's predecessor, along with easements around the existing well site and a future well site. Veldkamp's later conveyed part of the eastern parcel to the City of Arvada.

The following is our own schematic map of the area:

In 2002, plaintiff filed this action against Avset and Arvada. Plaintiff alleged that (1) Avset planned to subdivide and develop the western parcel, (2) this development interfered with plaintiff's use of the road easement, and (3) Avset had trespassed on and otherwise interfered with plaintiff's right to use the road easement. Plaintiff also alleged that Arvada had substantially interfered with its right to use the road easement.

Plaintiff requested a preliminary injunction preventing defendants from adversely affecting its use of the easement. Defendants responded with a request for summary judgment.

After hearing evidence on plaintiff's request for preliminary injunction, the court granted summary judgment and dismissed plaintiff's complaint with prejudice. The court found that plaintiff owned only a nontributary ground water right and easements on the eastern parcel and ruled that these interests did not entitle plaintiff to use the road easement on the western parcel. Thus, the court held, plaintiff lacked standing to complain about defendants' interference with the road easement.

Plaintiff now appeals.

### I. Standard of Review

Summary judgment should be granted only if it is clear that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56; *Compass Ins. Co. v. City of Littleton,* 984 P.2d 606, 613 (Colo.1999). Any doubts about the existence of a genuine issue of fact must be resolved against the moving party. We review de novo. *Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.,* 901 P.2d 1251, 1256 (Colo.1995).

### II. General Principles

There are two types of easements: easements appurtenant and easements in gross. An easement appurtenant attaches to a parcel of land and is incapable of existence separate and apart from the land to which it is annexed. The property burdened by an easement appurtenant is known as the servient estate, and the property benefited by the easement is the dominant estate. *Lewitz v. Porath Family Trust,* 36 P.3d 120, 122 (Colo.App.2001) (citing *Lazy Dog Ranch v. Telluray Ranch Corp.,* 965 P.2d 1229, 1234 (Colo.1998)).

An easement in gross, in contrast, is not appurtenant to any estate in land and does not belong to any person by virtue of his or her ownership in land. It is a mere personal interest in, or right to use, the land of another. Unlike an easement appurtenant, an easement in gross does not run with the land and creates no dominant or servient estates. *Lewitz, supra,* 36 P.3d at 122.

### III. Discussion

Plaintiff urges several theories in support of its contention that it is entitled to use the

road easement. We consider and reject these theories in turn.

### A. Plaintiff's Water Rights

It is undisputed that the road easement is an easement appurtenant. The road easement burdens the western parcel owned by Avset (the servient estate) for the benefit of the eastern parcel (the dominant estate). It is also undisputed that plaintiff owns an interest in nontributary ground water beneath the eastern parcel.

■ Plaintiff argues that, because it owns ground water rights under the eastern parcel, it has a sufficient interest in the dominant estate to entitle it to the benefit of the road easement. We disagree.

Unless the terms of the servitude provide otherwise, an appurtenant easement may not be used to benefit property other than the dominant estate. *Lazy Dog Ranch, supra,* 965 P.2d at 1238; Restatement (Third) of Property § 4.11 (2000). And unless otherwise intended by the parties, the easement may not be used to serve property that is subsequently acquired. Restatement, *supra,* § 4.11 cmt. b.

■ In Colorado, water rights are separate from interests in land. *See Bd. of County Comm'rs v. Park County Sportsmen's Ranch, LLP,* 45 P.3d 693, 707 (Colo.2002) ("neither surface water, nor ground water, nor the use rights thereto, nor the water-bearing capacity of natural formations belong to a landowner as a stick in the property rights bundle"). The property rights of landowners do not include the right to control the use of water in the ground. Rather, the water belongs to the public, and the right to use it must be acquired from the state. *Park County Sportsmen's Ranch, supra,* 45 P.3d at 707–09 (citing *State v. Southwestern Colo. Water Conservation Dist.,* 671 P.2d 1294 (Colo.1983)). Once acquired, water rights may be transferred separately from the property itself. *Humphrey v. Southwestern Dev. Co.,* 734 P.2d 637, 640 (Colo.1987).

Because water rights are separate and distinct from rights in land, the right to use the ground water under a parcel of land does not, by itself, convey the right to use an easement appurtenant to that land. Accordingly, we conclude that plaintiff's interest in ground water—a property interest acquired after the creation of the easement appurtenant and completely distinct from any surface interest in the dominant estate—does not entitle plaintiff to use the road easement.

### B. Plaintiff's Easement in Gross

■ Plaintiff notes, however, that it also owns certain easements over the eastern parcel. Plaintiff argues that these easements constitute a sufficient interest in the dominant estate to support its claim to use the road easement on the western parcel. We again disagree.

Plaintiff's predecessor acquired its easements across the eastern parcel and surrounding the well in 1994. The governing agreement provides that, in addition to the interest in ground water beneath the property, the following were included in the purchase price:

(1) the pump, casing, electrical wiring, meter, utility pole and all ancillary facilities required to operate the well . . .

(2) a permanent easement surrounding the relocated well (20 feet by 20 feet) and a temporary construction easement surrounding the relocated well having dimensions of 100 feet by 100 feet . . .

(3) an easement 10 feet in width for a discharge line and a construction easement 20 feet in width to install the discharge line . . . [a] temporary easement 12 feet in width for ingress, egress, [and the] right to use the existing well facilities.

The agreement also states: "The covenants and agreements of the parties contained in this Agreement shall run with the land and inure to the benefit of and be binding upon the parties hereto and their respective heirs, successors and assigns."

This agreement created an easement in gross. Although the agreement states that the easement "runs with the land," it does not create a possessory interest to which an easement appurtenant could attach. *See Il Giardino, LLC v. Belle Haven Land Co.,* 254 Conn. 502, 757 A.2d 1103, 1114–15 (2000) (plaintiff did not have the right to use an easement appurtenant by virtue of its right of way across the dominant parcel); *Arcidi*

*v. Town of Rye,* 846 A.2d 535, 540 (N.H.2004) (holder of an easement to use a pumping station on the dominant parcel did not have the right to use an easement appurtenant to that parcel because it did not hold a possessory interest in the land). As a result, plaintiff's easement does not, by itself or in combination with plaintiff's interest in ground water, entitle plaintiff to use the road easement.

### C. Additional Theories

Finally, plaintiff argues that the trial court erred in granting summary judgment because further discovery might establish that plaintiff is entitled to use the road easement under theories such as easement by estoppel, implied easement by prior use, implied easement by necessity, and easement by prescription. We reject this argument.

▮ Issues may not be raised for the first time on appeal because the trial court has not had the opportunity to rule on them. *Estate of Stevenson v. Hollywood Bar & Cafe, Inc.,* 832 P.2d 718, 721 n. 5 (Colo.1992). Plaintiff failed to make this argument in the trial court.

Moreover, the party opposing summary judgment must set forth specific facts showing that there is a genuine issue for trial. C.R.C.P. 56(e). Plaintiff's speculation that further discovery may uncover such facts is insufficient. An affirmative showing of specific facts, uncontradicted by any counteraffidavits, requires a trial court to conclude that no genuine issue of material fact exists. *Civil Serv. Comm'n v. Pinder,* 812 P.2d 645, 650 (Colo.1991). Although plaintiff could have moved the trial court for a continuance under C.R.C.P. 56(f) to conduct further discovery, it made no such motion. *See In re Estate of Heckman,* 39 P.3d 1228, 1231 (Colo.App.2001) (because plaintiff did not submit an affidavit under C.R.C.P. 56(f), trial court did not err in failing to defer ruling on defendant's motion for summary judgment).

For similar reasons, we decline to address whether the plaintiff may use the road easement by virtue of a license. *See Arcidi, supra,* 846 A.2d at 541. Although the issue was raised during oral argument, it was not presented to the trial court or in plaintiff's opening brief. *See Estate of Stevenson, supra,* 832 P.2d at 721 n. 5.

The judgment is affirmed.

Judge NIETO and Judge WEBB concur.