Opinion by JUDGE RICHMAN
¶ 1 Defendants Charles M. and Frances P. Prignano appeal the district court's confirmation of an arbitration award and denial of their motion to vacate that award. We affirm the judgment and remand for a calculation and award of appellate attorney fees and costs to plaintiff Michele Pacitto, Jr.
I. Background
¶ 2 The Prignanos asserted multiple claims against Pacitto, a registered representative, in a Financial Industry Regulatory Authority (FINRA) securities industry arbitration. Pacitto raised several counterclaims. The arbitration panel denied the Prignanos' claims, and awarded Pacitto compensatory damages, punitive damages, and fees solely against Mr. Prignano. The panel did not specify which counterclaims served as the basis for the awards.
¶ 3 The Prignanos received notice of the arbitration decision, dated July 21, 2014, explaining their rights to challenge the award. The notice stated "all monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction." It further explained that to challenge the award a party "must make a motion to vacate the award in a federal or state court of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, or applicable state statute." The notice cautioned parties that "[t]here are limited grounds for vacating an arbitration award, and a party must bring a motion to vacate within the time period specified by the applicable statute." It also urged unrepresented parties to seek legal advice.
¶ 4 Many months later, when Mr. Prignano had not paid the award, Pacitto filed a combined complaint and motion to confirm the arbitration award in district court. The Prignanos filed an answer stating several challenges to the award's validity as affirmative defenses. Later, they filed a motion to vacate the award. In their amended answer, they counterclaimed for a declaratory judgment vacating the award.
¶ 5 The district court order confirmed the arbitration award. In doing so it impliedly rejected the declaratory judgment counterclaim. The court also determined the Prignanos filed the motion to vacate well past the ninety-one day deadline in section 13-22-223(2), C.R.S. 2016.[1] Accordingly, the district *790 court concluded the Prignanos waived their right to object to the confirmation of the award.
¶ 6 The Prignanos now appeal, asserting that the district court erred in applying the ninety-one day deadline in section 13-22-223(2) and in failing to extend the deadline for filing a counterclaim for one year pursuant to section 13-80-109, C.R.S. 2016, when it confirmed the award. We disagree with the Prignanos and therefore affirm.
II. Preservation and Standard of Review
¶ 7 The Prignanos preserved their challenge in their briefing below. We review de novo a district court's legal conclusions on a motion to confirm or vacate an arbitration award and its interpretation of the counterclaim revival statute. PFW, Inc. v.Residences at Little Nell Dev., LLC , 2012 COA 137, ¶ 36, 292 P.3d 1094 ; Tidwell v. Bevan Props., Ltd. , 262 P.3d 964, 967 (Colo. App. 2011).
III. Applicable Law
¶ 8 Under the Uniform Arbitration Act (UAA), a motion to vacate an arbitration award must be filed within ninety-one days after the movant receives notice of the award. § 13-22-223(2).
¶ 9 Under section 13-80-109, parties must file a counterclaim arising out of the transaction or occurrence which is the subject matter of an opposing party's claim (sometimes referred to as a compulsory counterclaim) within one year after service of the complaint.
IV. Analysis
¶ 10 The parties agree, as the trial court concluded, that the Prignanos filed their motion to vacate and raised their declaratory judgment counterclaim well after the ninety-one day period for challenges to arbitration awards established in section 13-22-223(2).
¶ 11 The "failure to comply with the Uniform Arbitration Act's special statutory procedure for challenging an arbitration award on its merits or the power of arbiters to make an award bars any objection to the award in a confirmation proceeding," and the "failure to timely object or seek review to vacate ... bars a defense on the merits in a confirmation proceeding." Kutch v. State Farm Mut. Auto. Ins. Co. , 960 P.2d 93, 97, 99 (Colo. 1998) ; see also Sportsman's Quikstop I, Ltd. v. Didonato , 32 P.3d 633, 634-35 (Colo. App. 2001) (barring tardy challenge raised in response to motion to confirm claiming arbitration award was beyond authority of panel and ambiguous). Accordingly, the trial court correctly held that after the deadline passed the Prignanos waived their ability to challenge the arbitration award through a motion to vacate.
¶ 12 But the Prignanos contend that section 13-80-109 permits their otherwise tardy claim. And they did file within one year.
¶ 13 By its terms, section 13-80-109 only applies to counterclaims or setoffs. The Prignanos' assertion that the arbitration award was invalid is not a counterclaim or setoff against Pacitto, but at most an affirmative defense against enforcement of the final arbitration award. And courts have uniformly held that the failure to move to vacate an arbitration award within the prescribed period precludes seeking affirmative relief in a subsequent action to enforce the award. Int'l Bhd. of Elec. Workers, Local Union No. 969 v. Babcock &Wilcox , 826 F.2d 962, 965-66 (10th Cir. 1987) (citing other circuit court decisions).
¶ 14 Even if the Priganos' filing was considered a counterclaim or setoff, the more specific limitation period of section 13-22-223(2), which applies only to arbitration proceedings, would prevail over the more general limitation period contained in section 13-80-109, which applies to any civil suit. See § 2-4-205, C.R.S. 2016.
¶ 15 Arbitrations are special statutory proceedings treated differently from other proceedings. State Farm Mut. Auto. Ins. Co. v. Broadnax , 827 P.2d 531, 538 (Colo. 1992). The Colorado Rules of Civil Procedure generally do not apply when the UAA governs. C.R.C.P. 81(a) ; see, e.g. , Broadnax , 827 P.2d at 538 ( C.R.C.P. 38 right to a jury trial did not apply when UAA governed). The UAA's special status limits the available remedies to *791 challenge an arbitration award. For example, "[b]ecause the UAA provides the exclusive means to challenge acts that taint an arbitration decision ... a C.R.C.P. 60(b) motion to vacate a judgment is not a proper vehicle to challenge the merits of the underlying arbitration award." Sportsman's Quikstop I , 32 P.3d at 635.
¶ 16 Courts emphasize regularly that challenges to arbitration awards are confined to the means and manner specified in the UAA. "[T]he UAA sets out in precise detail the rules that apply to confirmation of an arbitration award and the methods by which a party may request the court to vacate or modify such an award." Id. at 634. "Once its provisions come into play, the [UAA] imposes a self-contained procedural apparatus, with provisions for challenging an arbitrator's exercise of power." State Farm Mut. Auto. Ins. Co. v. Cabs, Inc. , 751 P.2d 61, 64 (Colo. 1988) ; accord Kutch , 960 P.2d at 97 ("The failure to comply with the [UAA's] special statutory procedure for challenging an arbitration award on its merits or the power of arbiters to make an award bars any objection to the award in a confirmation proceeding.").
¶ 17 "The only permitted defenses to a request for confirmation of an arbitration award are those" in section 13-22-223 (vacating an award) and 13-22-224 (modifying or correcting an award), "and they must be made within specified time limits." Cabs , 751 P.2d at 65 (failure to move to vacate by UAA deadline barred claim challenging award); accord Superior Constr. Co., Inc. v. Bentley , 104 P.3d 331, 334 (Colo. App. 2004) (same). Therefore, because the UAA only permits a challenge by way of a motion to vacate, modify, or correct an award, it precludes a party from challenging an arbitration award through a declaratory judgment. And given the special status of arbitration proceedings, we cannot conclude that a general statute of limitations supersedes the carefully tailored rules applicable to arbitrations.
¶ 18 Applying section 13-80-109 to the UAA would violate the sanctity of the special statutory world of arbitration. Our supreme court has "caution[ed] against the use in special statutory arbitration proceedings of motions and other procedural mechanisms appropriate for the regular course of civil litigation, as offensive to the statutory scheme embodied in the [UAA]." Cabs , 751 P.2d at 65.
¶ 19 The UAA's text makes clear the necessity of its internal deadlines and procedures. A court must confirm an award unless the award is changed, modified, or vacated under the UAA. § 13-22-222, C.R.S. 2016. The timing of a motion to vacate is mandatory: "A motion made under this section shall be filed within ninety-one days...." § 13-22-223(2) (emphasis added); accord Cabs , 751 P.2d at 64 (interpreting predecessor section of section 13-22-223 and holding failure to timely file motion to vacate "denies [the party] the use of a forum to challenge the potentially excessive exercise of the arbitrators' powers").
¶ 20 True, under the UAA the prevailing party has a longer time to seek confirmation of the arbitration award than the party seeking to vacate or modify the award. And the failure to timely move to vacate precludes challenging the award when the winning party later moves for confirmation and enforcement. However, these limitation periods reflect policy decisions of the General Assembly. Indeed, an analogous structure applies in civil cases. The time to file a notice of appeal can run, and yet a judgment creditor still has time to enforce the award. Judgment debtors cannot use an enforcement action to revive their right to appeal.
¶ 21 Finally, we reject the Prignanos' equitable tolling argument. They do not claim to have been misled by any action of Pacitto, nor are they "uninformed and unsuspecting" parties. The notice of the arbitration decision made them aware of their responsibility to challenge the decision in a permitted format and by a deadline set by statute. They were aware of all of the grounds they could assert on appeal when the arbitration concluded. Because the UAA already contains a provision for extending the time to file a motion to vacate, there is no need to read an equitable tolling exception into the UAA, as the Ninth Circuit did with the Federal Arbitration Act in Move, Inc. v. Citigroup Global Markets, Inc. , 840 F.3d 1152, 1157 (9th Cir. 2016).
*792 Even if the Prignanos' claim were based on a contention that the award was procured by fraud or undue means, as was the case of the movants in Move , the UAA accounts for this scenario by providing the ninety-one day challenge period does not begin to run until the party knew or should have known of the fraud. § 13-22-223(2).
V. The Prignanos' Other Claims
¶ 22 Because the Prignanos' raised their challenges to the arbitration award in an improper and untimely manner, the trial correct correctly deemed their challenges waived. Therefore, we need not reach the merits of these challenges.
VI. Attorney Fees and Costs on Appeal
¶ 23 We grant Pacitto's request for attorney fees and costs on appeal pursuant to section 13-22-225(2) and (3), C.R.S. 2016. Because the district court is in the best position to determine the amount of reasonable attorney fees and costs, we remand to the district court to determine the appropriate amounts. See C.A.R. 39.1.
VII. Conclusion
¶ 24 The judgment is affirmed. The case is remanded for a calculation of Pacitto's reasonable attorney fees and costs incurred on appeal.
Casebolt* and Carparelli*, JJ., concur

The district court correctly noted that receipt of the notice of the arbitration award triggers the ninety-one day deadline. It found the Prignanos filed their motion 242 days after entry of the award. Because the notice of the award was issued only a few days after the entry of the award, any discrepancy in the calculation does not affect the conclusion that the motion was filed well past the deadline.

Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5 (3), and § 24-51-1105, C.R.S. 2016.