25CA0874 Marriage of Morales 02-05-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0874
Jefferson County District Court No. 23DR30576
Honorable Christopher C. Zenisek, Judge

In re the Marriage of

Teresa A. Morales,

Appellee,

and

Robert A. Morales Lau,

Appellant.

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE MEIRINK
J. Jones and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 5, 2026

LeRoux Law LLC, L. Paul LeRoux II, Durango, Colorado, for Appellee

Law Office of Gary P. Johnson, Gary P. Johnson, Denver, Colorado, for
Appellant

¶ 1    In this dissolution of marriage proceeding between Teresa A. Morales (wife) and Robert A. Morales Lau (husband), husband appeals the district court's judgment confirming an arbitrator's award concerning the division of their marital estate.  We affirm.

## I.    Background

¶ 2    Wife petitioned the district court to end the parties' marriage. Before the court entered permanent orders, the parties stipulated to arbitrate the permanent orders issues.  The court accepted the parties' stipulation.

¶ 3    The day before the arbitration, husband's attorney withdrew at husband's request.  The arbitrator informed husband that the arbitration would still go forward at the original time.  That day, husband requested that the arbitrator continue the hearing to some "indefinite date in the future."  According to the arbitration award, on the first day of the arbitration hearing, the arbitrator "conducted a lengthy hearing on [husband's continuance] request" and then made "lengthy findings of fact and conclusions of law and denied the [m]otion."  The arbitrator "incorporate[d] those findings and conclusions of law into [the award]," but he did not articulate them specifically in the written award.

1

¶ 4　　After the arbitration, wife asked the district court to confirm the arbitrator's award and adopt it as a court order (motion to confirm). Husband, in his response, said that "statutory grounds exist[ed] to vacate the award" and that that he had retained counsel and was "preparing a motion to vacate the arbitration award pursuant to C.R.S. § 13-22-223." Husband never filed a motion to vacate. Fourteen days after husband's response, the court granted wife's motion to confirm, noting that there was no motion before it "challeng[ing] the arbitrator's conclusions."

## II.　Standard of Review and Legal Framework

¶ 5　　Our ability to review an arbitration award is narrowly defined. *See Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 18 (Colo. App. 2010) (recognizing that "the standard of review of arbitral awards is among the narrowest known to law"). We may not review the arbitrator's decision but instead limit our review to the district court's order concerning the arbitration award. *See S. Washington Assocs. v. Flanagan*, 859 P.2d 217, 220 (Colo. App. 1992).

¶ 6　　Under section 13-22-222(1), C.R.S. 2025, of the Colorado Uniform Arbitration Act (CUAA), when a motion to confirm an arbitration award is made to the district court, "the court shall

2

issue a confirming order" unless it vacates the award under section 13-22-223. The court shall vacate an arbitration award if, upon motion by a party, it finds, as relevant here, that "[a]n arbitrator refused to postpone the hearing upon [a] showing of sufficient cause for postponement[ or] refused to consider evidence material to the controversy." § 13-22-223(1)(c), C.R.S. 2025.

¶ 7  Absent these grounds — or any another ground found in section 13-22-223(1) — an arbitration award is binding on the parties, and the court must affirm it. *See Judd Constr. Co. v. Evans Joint Venture*, 642 P.2d 922, 925 (Colo. 1982); *see also Price v. Mountain Sleep Diagnostics, Inc.*, 2020 COA 155, ¶¶ 6-7 (courts can reject arbitration awards only in limited circumstances involving outrageous conduct by the arbitrator or egregious departures from the arbitration agreement); *Treadwell v. Vill. Homes of Colo., Inc.*, 222 P.3d 398, 401 (Colo. App. 2009) (same).

### III.  Discussion

¶ 8  On appeal, husband argues that the arbitrator's award must be vacated for three reasons. First, he argues that the arbitrator refused to grant him a continuance when his attorney withdrew before the arbitration. *See* § 13-22-223(1)(c). Relatedly, he argues

that the arbitrator, in allowing the hearing to go forward, violated his due process right to counsel and a fair trial. Second, he argues that the arbitrator failed to consider material evidence, making the division of property incomplete and ambiguous.[1] *See id.* Finally, husband argues that the arbitrator misapplied section 14-10-119, C.R.S. 2025, when it awarded attorney fees to wife.

¶ 9 The CUAA "sets out in precise detail the rules that apply to confirmation of an arbitration award and the methods by which a party may request the court to vacate or modify such an award." *Pacitto v. Prignano*, 2017 COA 101, ¶ 16 (quoting *Sportman's Quikstop I, Ltd. v. Didonato*, 32 P.3d 633, 634 (Colo. App. 2001)). "Failure to comply with the [CUAA's] special statutory procedure for challenging an arbitration award on its merits . . . bars any such objection to the award in a confirmation proceeding." *Sportman's Quikstop I*, 32 P.3d at 634. In other words, husband may not argue for the first time on appeal that the district court should not have confirmed the arbitration award — that argument had to be made

---

[1] Husband argues here that, in failing to consider this evidence, the arbitrator "exceeded his powers." *See* § 13-22-223(1)(d). But his argument regarding material evidence falls more squarely under section 13-22-223(1)(c).

in the district court. *See, e.g., In re Marriage of Ensminger*, 209 P.3d 1163, 1167 (Colo. App. 2008) (arguments not presented to the district court cannot be raised for the first time on appeal).

¶ 10    Here, husband did not follow the statutory procedure for challenging the arbitration award. Husband responded to wife's motion to confirm, indicating that he would file a motion to vacate pursuant to section 13-22-223. But husband never articulated a ground for vacatur before the district court related to this award. Husband argues that his response "expressly asserted statutory grounds to vacate the award" and that the court's confirmation of the award "effectively denied vacatur." Husband's response — which merely opposed the confirmation with a general statutory citation — did not assert any of the bases he now asserts on appeal for vacating the award. *See Valentine v. Mountain States Mut. Cas. Co.*, 252 P.3d 1182, 1188 n.4 (Colo. App. 2011) ("A party's mere opposition to its adversary's request . . . does not preserve all potential avenues for relief on appeal. We review only the specific arguments a party pursued before the district court.").

¶ 11    Husband also failed to file a motion to vacate the arbitration award — pursuant to section 13-22-223(1)(c) or any other

appropriate ground — in the district court.  And husband's response to wife's motion to confirm does not satisfy the requirements to file a motion to vacate.  *See Turoff v. Itachi Cap., Inc.,* 2022 COA 147, ¶ 17 (a request to confirm embedded in a responsive pleading does not satisfy the requirements of the CUAA); *see also* C.R.C.P. 7(b)(1) (A request to a court for an order "shall be made by motion.").  A motion to vacate cannot be "included in a response or reply to the original motion."  C.R.C.P. 121, § 1-15(1)(d); *see Patterson v. James*, 2018 COA 173, ¶¶ 9-12.

¶ 12     Husband, in his reply brief, also suggests that he should have been allowed more time to file a motion to vacate.  And while husband had ninety one days from the arbitrator's award to file a motion to vacate (regardless of the court's confirming order), he neither filed a motion within that time nor argued in the district court (or in his opening brief on appeal) that the court should have waited the full ninety-one days before issuing its order.  *In re Marriage of Herold*, 2021 COA 16, ¶ 14 (issues raised for the first time in a reply brief will not be addressed).

¶ 13     In sum, we cannot address husband's claims on appeal.  *See Ensminger*, 209 P.3d at 1167.

## IV. Attorney Fees

¶ 14    Wife, arguing that husband's appeal was frivolous as filed, requests attorney fees and costs on appeal. *See* C.A.R. 38(b) (if an appellate court determines that an appeal is frivolous, it may award attorney fees). Sanctions should be imposed only in clear and unequivocal cases when the appellant presents no rational argument or the appeal is prosecuted for the sole purpose of harassment or delay. *See In re Estate of Shimizu*, 2016 COA 163, ¶ 34. Here, while husband's issues were not adequately preserved, we discern no basis to conclude that the appeal lacked rational argument or was filed for the purposes of harassment or delay. Accordingly, we exercise our discretion to deny wife's request for appellate attorney fees and costs.

## V. Disposition

¶ 15    The judgment is affirmed.

JUDGE J. JONES and JUDGE LUM concur.