**In re the MARRIAGE OF Roy L. ENGLAND, Appellee,**

**and**

**Amanda A. England, Appellant.**

**No. 98CA2553.**

Colorado Court of Appeals, Div. I.

Dec. 9, 1999.

Certiorari Denied April 24, 2000.

No Appearance for Appellee Roy L. England.

Jack Kintzele, Denver, Colorado, for Appellant.

Opinion by Judge NEY.

In this proceeding for dissolution of the marriage of Amanda A. England (mother) and Roy L. England (father), mother appeals the custody and child support provisions of the permanent orders. We affirm.

Upon the dissolution of their 15–year marriage, the court awarded the parties joint custody of their child. Mother was named the primary residential custodian, while father was awarded parenting time during several school vacations and additional time whenever he was in Colorado. Father was ordered to pay mother monthly child support in the amount of $473.28.

I.

Mother contends that the child support calculation was erroneous because the trial court refused to impute income to father. She argues that father's failure to file a claim for damages resulting from a work related accident constituted a voluntary reduction in his income. We perceive no error.

The trial court is authorized under §§ 14–10–115(7)(a) and 14–10–115(7)(b)(I), C.R.S.1999, to calculate child support based

upon a determination of a parent's potential income if the parent is voluntarily unemployed or underemployed. *In re Marriage of Bregar,* 952 P.2d 783 (Colo.App.1997).

Mother urges us to liken father's voluntary refusal to file a claim for benefits to voluntary underemployment. However, we decline to read such a provision into the statute where none exists. *See In re Marriage of Lishnevsky,* 981 P.2d 609 (Colo.App.1999) (declining to read a provision into the child support guidelines).

Furthermore, we note that father testified that his chances of recovering any type of benefits for the accident, which occurred in Taiwan, were "very improbable," and that neither he nor his employer believed that his injury was work-related. Father also testified that "[t]he only diminished income is the 15 percent foreign premium," which he no longer received once he began work in the United States. On this record, we perceive no error in the amount of child support ordered.

## II.

■ Mother contends next that the court erred in failing to consider the child's wishes concerning parenting time. She asserts the parenting time awarded to father is harmful to the teenage child because she will have to travel to Illinois several times per year. We disagree.

■ The determination of parenting time is a matter within the sound discretion of the trial court, taking into consideration the child's best interests and the policy of encouraging the parent-child relationship. Parenting time is primarily a right of the child and only secondarily is it a right of the parent. *In re Marriage of Elmer,* 936 P.2d 617 (Colo.App.1997).

■ To determine what is in the best interests of a child, the court must look to all the relevant considerations, including the statutory factors listed in § 14–10–124(1.5), C.R.S.1999. Although specific findings concerning each factor need not be made, the findings must be sufficient to allow the reviewing court to determine whether the decision is supported by competent evidence. *In re Marriage of Finer,* 920 P.2d 325 (Colo. App.1996).

Here, there was sufficient evidence in the record to support the allocation of parenting time to father. The trial court recognized that the child's best interests was the governing standard and that those interests would be served by encouraging father's continued participation in the child's care. Before the hearing, mother had opposed joint custody and requested that any parenting time for father be supervised. At the time of the hearing, she favored joint custody and stated that eventually the child could travel to Illinois. On this record, we do not agree that the evidence mandates a finding that the parenting time awarded was harmful to the child.

■ Mother also testified that the child had expressed her wishes concerning parenting time in a letter to the court, and that although mother did not know the contents of the letter, she would yield to her child's wishes in that regard. However, when the court, at the close of testimony, asked both parties if they wanted the letter to be considered, mother's attorney did not affirmatively request the court to consider the letter, and instead merely stated that its contents were unknown. Therefore, the court declined to consider the letter.

Accordingly, since there is no basis for mother's argument that the court erred in failing to read the letter and consider the child's wishes, we reject it. *See In re Marriage of Huff,* 834 P.2d 244 (Colo.1992) (party on appeal may not avail himself of an alleged error which he or she induced the trial court to commit).

Mother's other contentions are either without merit or moot.

The judgment is affirmed.

Judge METZGER and Judge VOGT, concur.