**In re the CUSTODY OF C.J.S., a Child,**

**and Concerning S.E.S. and L.J.S., minor child's maternal Grandparents, Petitioners–Appellants,**

**and N.K.S., minor child's natural Mother, Respondent–Appellee.**

No. 00CA1048.

Colorado Court of Appeals, Div. II.

July 19, 2001.

Rehearing Denied Sept. 13, 2001.

Certiorari Denied Jan. 14, 2002.

Gina B. Weitzenkorn, Guardian Ad Litem.

Steven Janiszewski, Denver, CO, for Petitioners–Appellants.

Susan K. Bryant, LLC, Susan K. Bryant, Longmont, CO, for Respondent–Appellee.

Opinion by Judge PLANK.

In this non-parent custody proceeding, S.E.S. and L.J.S. (maternal grandparents) appeal from a trial court order awarding N.K.S. (mother) parenting time with her child, C.J.S., and attorney fees. We affirm.

I.

■ Arguing that § 14–10–119, C.R.S. 2000, applies only to dissolution of marriage proceedings, the grandparents contend that mother lacked standing to seek attorney fees. The grandparents also contend that the attorney fees award was punitive and inequitable. We disagree.

Section 14–10–119 provides, as pertinent here:

The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment.

By its express terms, § 14–10–119 applies to any proceeding brought under article 10 of title 14. Non-parent custody proceedings are authorized by § 14–10–123, C.R.S.2000. Accordingly, mother had standing to seek attorney fees under § 14–10–119. *See* *Abrams v. Connolly*, 781 P.2d 651, 659 n. 7 (Colo.1989).

The purpose of § 14–10–119, as construed in the context of dissolution of marriage actions, is to equalize the financial statuses of the parties so that neither party suffers unduly as a consequence of the termination of the marriage. *In re Marriage of Bregar*, 952 P.2d 783, 788 (Colo.App.1997); *In re Marriage of Trout*, 897 P.2d 838, 840 (Colo.App. 1994). Because the financial circumstances of parties to non-parent custody proceedings, as in dissolution proceedings, are likely to be disparate, we conclude that the purpose of the statute in non-parent custody proceedings under § 14–10–123 is the same as that in dissolution proceedings.

■ Thus, an award of attorney fees in a non-parent custody proceeding should be based primarily upon the purpose of equitably apportioning the costs and fees of the proceeding between the parties. *Bregar*, 952 P.2d at 788; *Trout*, 897 P.2d at 840. Such an award should not be used as punishment against a party, *In re Marriage of Hauger*, 679 P.2d 604, 607 (Colo.App.1984), although a party's behavior may be considered to the extent that it might affect the reasonableness and necessity of attorney fees incurred. *In re Marriage of Woolley*, 25 P.3d 1284 (Colo. App.2001).

■ Finally, in determining the amount of an attorney fees award, the trial court must consider the relative financial status of each party by making findings concerning their relative incomes, assets, and liabilities. *In re Marriage of Aldrich*, 945 P.2d 1370, 1378 (Colo.1997). This includes consideration of the parties' obligations for child support and the ability of the party against whom the award is requested to comply with the order. *In re Marriage of Swink*, 807 P.2d 1245, 1248 (Colo.App.1991).

■ Here, in awarding mother seventy-five percent of her attorney fees, the trial court made extensive findings concerning the parties' relative financial resources, as well as their respective child support obligations. Although the trial court noted the grandparents' behavior in prolonging the estrangement between mother and the child and their failure to reconcile with mother, the trial court based its award of attorney fees primarily upon the parties' disparate financial circumstances for the purpose of placing them on equal financial footing. The record supports the trial court's findings. Thus, we conclude that the award of attorney fees was neither punitive nor inequitable and that it did not constitute an abuse of discretion. *See Bregar*, 952 P.2d at 788.

## II.

The grandparents contend that the trial court erred in denying their motion for appointment of a child representative. They argue that a child representative was required in order to develop and present the child's wishes regarding parenting time. We find no error.

Pursuant to § 14–10–116(1), C.R.S.2000, a trial court may appoint a child representative, a special advocate, or both to assist the court in any domestic relations proceeding. The statute is permissive, see In re Marriage of Van Inwegen, 757 P.2d 1118, 1120 (Colo. App.1988), and it does not mandate the appointment of either a child representative or a special advocate, or both.

A child representative must be an attorney who actively participates in all aspects of the case and represents the best interests of the child; a child representative cannot, however, be called as a witness. Section 14–10–116(2)(a), C.R.S.2000. Further, because a child is not competent to make legally binding decisions, an attorney appointed to serve as a child representative cannot represent a child's views without question; instead, the attorney is charged with a higher degree of objectivity than that which must be exercised when representing an adult. See In re Marriage of Hartley, 886 P.2d 665, 671–72 (Colo.1994).

Thus, contrary to the grandparents' argument, a child representative could not have represented the child's views without question. Further, the record reveals that the trial court was fully informed of the child's wishes as to parenting time through a previous interview with the child, the reports of the special advocate and the associate special advocate, and the testimony of the child's therapist.

Accordingly, we find no abuse of discretion in the trial court's denial of the motion for appointment of a child representative.

## III.

Relying on § 14–10–126, C.R.S.2000, the grandparents contend that the trial court erred in denying their motion to allow the child to testify. Again, we find no error.

Under § 14–10–126, C.R.S.2000, the decision whether to interview a child in chambers to ascertain his or her wishes as to parenting time lies within the discretion of the trial court. In re Marriage of Rinow, 624 P.2d 365, 367 (Colo.App.1981).

As discussed above, the trial court was fully aware of the child's wishes about parenting time through a previous interview of the child, reports filed with the court, and testimony taken during the hearing, which included that of the child's special advocate. Thus, we find no abuse of discretion in the trial court's refusal to interview the child a second time. See Rinow, 624 P.2d at 367.

## IV.

Arguing that the special advocate put mother's interests before the best interests of the child, the grandparents contend that the trial court erred in adopting the special advocate's recommendations as to parenting time. We disagree.

The determination of parenting time is a matter within the discretion of the trial court, which requires consideration of the child's best interests and the policy of encouraging the parent-child relationship. A parent's right to parenting time is secondary to the child's right to parenting time. In re Marriage of England, 997 P.2d 1288, 1290 (Colo.App.1999).

In determining a child's best interests, the trial court must consider the factors set forth in § 14–10–124(1.5), C.R.S.2000. The court is not required, however, to make findings concerning each and every factor. England, 997 P.2d at 1290.

Here, in adopting the special advocate's recommendations as to parenting time, the trial court found that the recommendations were in the child's best interests even though reconciliation with mother would be emotionally difficult for the child. This finding is supported by the record, which reveals that the recommendations safeguarded the child's emotional health by orchestrating reintroduction to mother in a gradual manner under the supervision of therapists.

Further, in approving the special advocate's recommendations, the trial court considered the wishes of the child, the grandparents, and the mother as to parenting time. It also considered the relationships among the parties, the parties' ability to place the child's needs ahead of their own, and the child's adjustment to her home with the grandparents. *See* § 14–10–124(1.5), C.R.S. 2000.

Thus, the grandparents' assertion that the trial court placed mother's interests before those of the child has no record support. Accordingly, we find no abuse of discretion in the trial court's approval of the special advocate's recommendations. *See England,* 997 P.2d at 1290.

### V.

On appeal, mother requests attorney fees pursuant to § 13–17–101, C.R.S.2000, and damages pursuant to C.A.R. 38(d). However, we disagree with mother's assertion that the appeal was frivolous, groundless, or prosecuted for the purpose of harassment or delay. *See Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984). Accordingly, we deny her request.

The order is affirmed.

Judge NEY and Judge CASEBOLT concur.