24CA1758 Marriage of Alnouri 09-04-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1758
Arapahoe County District Court No. 23DR1001
Honorable Frank A. Moschetti, Magistrate

---

In re the Marriage of

Toka Y. Elgharably,

Appellant,

and

Mohamad Alnouri,

Appellee.

---

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division A
Opinion by CHIEF JUDGE ROMÁN
Graham*, and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 4, 2025

---

The Larson Law Firm, LLC, Olivia J. Larson, Castle Rock, Colorado for
Appellant

Gendelman Klimas Edwards, Ltd., Laurence I. Gendelman, William Erwin,
Denver, Colorado for Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    In this divorce proceeding involving Toka Y. Elgharably (wife) and Mohamad Alnouri (husband), wife appeals the parenting time, decision-making, child support, and property division portions of the permanent orders.  We reverse the judgment and remand the case for further proceedings.

## I.    Background

¶ 2    The parties married in 2021.  They have one child, who was almost one year old when wife filed for divorce in 2023.  In an oral ruling following the permanent orders hearing, the magistrate adopted husband's proposed separation agreement and parenting plan — including a child support determination — into the divorce decree.  Eleven days after the oral ruling, the court adopted husband's proposed support order, which contained a new child support calculation, and proposed written decree, verbatim.

## II.    Adequacy of the Magistrate's Permanent Orders

¶ 3    Wife argues that the permanent orders were inadequate because, in adopting husband's proposed orders, the magistrate did not make findings of fact and conclusions of law to enable the reviewing court to discern the district court's rationale.  We agree.

1

## A.  Relevant Law and Standard of Review

¶ 4    "In all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law thereon . . . ."  C.R.C.P. 52.  Nevertheless, adoption of one party's proposed findings and conclusions is not necessarily improper and does not warrant reversal unless the findings are inadequate.  *Uptime Corp. v. Colo. Research Corp.*, 420 P.2d 232, 235 (Colo. 1966); *see also In re Marriage of Powell*, 220 P.3d 952, 954 (Colo. App. 2009).  In *People v. Shifrin*, 2014 COA 14, ¶ 90, a division of this court opined that "the adequacy of a trial court's findings, as contrasted with the sufficiency of the evidence to support them, is tested by whether an appellate court can discern the lower court's rationale."

¶ 5    We review de novo the adequacy of a court's ruling.  *Id.*  When the district court adopts proposed findings of fact and conclusions of law verbatim, the appellate court scrutinizes them more critically than if they were written by the district court itself.  *Ficor, Inc. v. McHugh*, 639 P.2d 385, 390 (Colo. 1982).  And we consider the district court's bench findings and rulings as a supplement to its

written order.  *See Friends of Denver Parks, Inc. v. City & Cnty. of Denver*, 2013 COA 177, ¶¶ 34-37.

B.    No Presumption that Magistrate Agreed with Proposed Orders

¶ 6    In *Uptime*, the supreme court reasoned that a reviewing court may assume that a district court judge who adopts a proposed order verbatim has examined the proposed findings and agreed that they correctly state the facts.  *See Uptime*, 420 P.2d at 235. Husband argues that this rationale should apply here.  But we agree with wife that the circumstances of this case do not permit this assumption.

¶ 7    At the oral ruling, the magistrate indicated that personal issues prevented him from being able to "resolve what [was] outstanding" in the case.  The magistrate admitted that he was "not prepared to enter a final ruling" because he could not "recall the case specifically" and would not be able to locate his notes. Nevertheless, the day of the hearing, the magistrate incorporated husband's proposed orders regarding property division, parenting time, decision-making responsibility, and child support into the decree.  And, eleven days later, the court adopted husband's new child support order and proposed decree, verbatim.

¶ 8    Given the magistrate's admitted lack of knowledge, we cannot presume, as the court in *Uptime* did, that the magistrate's adoption of proposed orders indicated his agreement that they correctly stated the facts and the law.

### C.    The Magistrate's Order is Inadequate

#### 1.    Parenting Time

¶ 9    During the permanent orders hearing, the magistrate awarded equal parenting time to both parties with several conditions. Both parties were to surrender their passports and file with the court names of "suitable caretakers" for the child. Until the parties complied, husband would continue to have parenting time only twice per week. By the date of the oral ruling, only husband had fully complied. Without explanation, and without wife's full compliance with the previously imposed conditions, the magistrate adopted husband's parenting plan, which called for equal parenting time.

¶ 10    A district court allocates parenting time in accordance with the child's best interests by applying the factors in section 14-10-124(1.5)(a), C.R.S. 2025, including any report related to domestic violence or other testimony regarding domestic violence

4

from the parties.  § 14-10-124(1.5)(a)(III.5); *see also In re Custody of C.J.S.*, 37 P.3d 479, 482 (Colo. App. 2001).

¶ 11    Husband's proposed order does not address — and indeed could not have anticipated — the magistrate's apparent change of heart regarding the necessity of wife's full compliance with the conditions before ordering equal parenting time.  And the proposed order lists no factors, pursuant to section 14-10-124(1.5)(a), that the magistrate relied on when he determined parenting time.  The order is therefore inadequate.

¶ 12    On remand, the district court should review the parenting time order, at the very least taking new evidence, or, if the magistrate's notes cannot be located, holding a new hearing, and provide complete findings with regard to both parties' parenting time and whether any conditions should be imposed before parenting time is exercised.  *See In re Marriage of Lee*, 781 P.2d 102, 104 (Colo. App. 1989) (on remand, a court may exercise discretion in determining whether additional evidence is necessary or whether it may rely on evidence from the prior hearing).

## 2. Decision-Making Responsibility

¶ 13 Without making any findings, let alone addressing wife's testimony that husband refused to communicate with her, the magistrate ordered shared decision-making between the parties, consistent with husband's wishes. A district court must allocate decision-making responsibility in accordance with the child's best interests applying the factors in section 14-10-124(1.5)(b), including credible evidence of the parties' ability to cooperate and make decisions jointly. § 14-10-124(1.5)(b)(I); *see also C.J.S.*, 37 P.3d at 482. Because no record evidence shows that the court considered these factors, we cannot discern the basis of the magistrate's determination regarding decision-making responsibility.

¶ 14 On remand, the court should review its parental responsibilities determination and, after either taking additional evidence or, in the event it cannot locate its notes, after a new hearing, make findings that demonstrate that it considered the relevant statutorily required factors. *Lee*, 781 P.2d at 104; *see also* § 14-10-124(1.5)(b).

### 3.    Child Support

¶ 15    Again without findings of any kind, the magistrate ordered wife to pay husband $138.43 in monthly child support, with no retroactive child support owed, as part of husband's proposed parenting plan.  He did this even though, during the permanent orders hearing, husband asked the magistrate to deviate from that amount and relieve wife of any child support obligation.  Then, eleven days after adopting the parenting plan, the court adopted husband's proposed support order, which included a new child support calculation.  That proposal included four months of child support at $276.86 per month — to account for $553.72 in retroactive support — before monthly payments begin at $138.43.

¶ 16    The record showing the magistrate's adoption of these various, inconsistent child support orders does not provide this court with an adequate basis to determine his rationale.  On remand, and after either taking new evidence or after holding a new hearing if the magistrate's notes cannot be located, the district court should review the child support order, and provide complete findings with regard to the calculation of child support as well as the existence, if any, of a retroactive child support amount.  *Lee*, 781 P.2d at 104.

## 4. Property Division

¶ 17    At the conclusion of the permanent orders hearing, the magistrate stated that he had "heard a lot of testimony about [three] real properties that would fit as marital property. [He] heard no evaluation of how much they were paid for, how much they were worth, especially in this market of increasing property values." The magistrate allowed the parties time to agree on the division of this property, but they were unable to do so.

¶ 18    During the oral ruling, the magistrate made no findings related to the distribution of assets or debts before adopting husband's proposed property division. Inexplicably, husband's proposed property division did not mention any of the three real properties.

¶ 19    Moreover, the record — including husband's proposed orders — contains no reference to section 14-10-113(1), C.R.S. 2025, which requires the district court to divide marital property "as [it] deems just," and considering all relevant factors. *See In re Marriage of Powell*, 220 P.3d 952, 959 (Colo. App. 2009). These factors include the contributions of each spouse to acquiring the property, the spouses' economic circumstances, and any increases or

decreases in a spouse's separate property during the marriage or depletions of separate property for marital purposes.
§ 14-10-113(1)(a), (c), (d).

¶ 20 Given this record — which does not value or allocate the real properties discussed during the hearing and does not otherwise refer to, let alone rely on the relevant factors required by statute — we conclude that the magistrate's order is woefully inadequate.

¶ 21 On remand, the district court should revisit the property division to achieve an equitable result, considering all relevant factors, including those listed in section 14-10-113(1). And while the court may rely on the evidence presented at the hearing, it should allow the parties to present new evidence about their current economic circumstances. *See* § 14-10-113(1)(c) (a district court considers the spouses' economic circumstances at the time the property division "is to become effective"); *In re Marriage of Wells*, 850 P.2d 694, 695 (Colo. 1993) ("[Section] 14-10-113(1)(c) requires a [district] court to consider the economic circumstances of the respective spouses at the time any hearing relating to the division of marital property is held, including a hearing following a remand for the purpose of dividing the property . . . ."); *see also*

*Corak*, ¶ 21 (district court on remand may take additional evidence concerning the spouses' economic circumstances).

¶ 22     A reconsideration of a property determination would usually necessitate a reconsideration of spousal maintenance. *See In re Marriage of de Koning*, 2016 CO 2, ¶ 26 (maintenance and property division are interdependent). Here, however, both parties explicitly waived maintenance, and the court accepted their waivers.

### III.     Wife's Additional Claims

¶ 23     Because the judgment is reversed and the case is remanded for new findings and orders, we do not reach wife's claim that her due process rights were violated when the court proceeded to an oral ruling without her appearance.

¶ 24     To the extent wife claims that the magistrate committed judicial misconduct when he made final orders without mother present and after admitting he was unprepared to do so, we do not have jurisdiction to review this contention. *In re People*, 2024 CO 12, ¶ 15 (the Colorado Commission on Judicial Discipline has exclusive jurisdiction over investigations of, and decision-making authority to impose discipline against, judicial officers).

## IV. Disposition

¶ 25　Because the magistrate's findings and orders are inadequate, we reverse the judgment and remand the case for further proceedings consistent with this opinion.

JUDGE GRAHAM and JUDGE TAUBMAN concur.