25CA0320 Parental Resp Conc AMR 10-02-2025

COLORADO COURT OF APPEALS

_____

Court of Appeals No. 25CA0320
Delta County District Court No. 24DR87
Honorable Steven L. Schultz, Judge

_____

In re the Parental Responsibilities Concerning A.M.R. and R.L.A., Children,

and Concerning Stacia Marie Meyers,

Appellant,

and

Michael Andre Romero,

Appellee.

_____

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE MOULTRIE
Tow and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 2, 2025

_____

Catherine C. Burkey, Grand Junction, Colorado, for Appellant

Law Office of J.M. Distefano, Jacqueline M. Distefano, Crawford, Colorado, for Appellee

¶ 1     Stacia Mari Meyers (mother) appeals the district court's permanent orders allocating parental responsibilities between her and Michael Andre Romero (father). We reverse the parenting time order and remand for the district court to enter a new parenting time order based on mother's stated intention to relocate to Alabama. In all other respects, we affirm.

## I.     Background

¶ 2     Three months before the permanent orders hearing, mother notified the district court of her intent to move with the parties' children to Alabama. She sought orders that would name her the children's primary residential parent and sole decision-maker.

¶ 3     After an evidentiary hearing, the district court ordered that the children remain enrolled in school in Colorado and found that their best interests would be served if the parents exercised equal parenting time, with mutual decision-making.

## II.     Discussion

¶ 4     Mother contends that the district court failed to follow *Spahmer v. Gullette*, 113 P.3d 158 (Colo. 2005), and *In re Marriage of Morgan*, 2018 COA 116M, when it issued a parenting plan that was not feasible for two parents living in different states, Alabama

1

and Colorado, and asks us to reverse the permanent orders. Father concedes that the court erred by issuing a parenting plan that didn't account for mother living in Alabama but asks us not to disturb the court's best interests findings or its judgment awarding joint decision-making.

### A. Applicable Law and Standard of Review

¶ 5 When, as here, a parent notifies the court before permanent orders are entered of the parent's plan to relocate, the district court must resolve the allocation of parental responsibilities under section 14-10-124(1.5)(a), C.R.S. 2025. *See Spahmer*, 113 P.3d at 161. In this context, neither party has vested parenting time rights, and each party may become the child's primary residential parent depending on the court's best interests analysis. *Id.* In conducting a best interests analysis, the court must consider the factors identified in section 14-10-124(1.5)(a) that are relevant to its determination. *In re Custody of C.J.S.*, 37 P.3d 479, 482 (Colo. App. 2001).

¶ 6 The court has no statutory authority to order a parent to live in a specific location and must make its initial determination of parental responsibilities, including parenting time, based on the

location in which a parent intends to live. *Morgan,* ¶ 6; *see also* § 14-10-124(1.5)(a)(VIII) (requiring the court to consider "[t]he physical proximity of the parties to each other as this relates to the practical considerations of parenting time").

¶ 7    A district court has broad discretion in deciding what allocation of parenting time is in the children's best interests, and we may not disturb its decision absent an abuse of that discretion. *In re Marriage of Badawiyeh,* 2023 COA 4, ¶ 9. The court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair. *Id.* However, we review de novo whether the district court applied the proper legal standard. *Id.* at ¶ 10.

### B.    Analysis

¶ 8    The district court issued a year-round week-on, week-off parenting time schedule, the terms of which required the parties to exchange the children on "Monday afternoons after school during the academic year and at 5:00 p.m. at all other times." The court also ordered that the children "will continue to attend" school in Colorado. This order is "impractical to implement" if mother lives in Alabama, and thus "implicitly requires mother to live in a specific location (Colorado)." *See Morgan,* ¶¶ 9-10.

3

¶ 9        In *Morgan*, a division of this court reversed a year-round 5-2-2-5 parenting time schedule that implicitly required mother to remain in Colorado, over her stated intent to relocate to California. *Id.* at ¶ 15.  Relying on *Spahmer*, the division concluded that mother's wish to move to California was the premise from which the court's legal analysis had to begin.  *Id.* at ¶ 14 (citing *Spahmer*, 113 P.3d at 164).  By failing to consider mother's intent to relocate, the magistrate in *Morgan*, like the district court in *Spahmer*, "did not properly take into account the parties' physical proximity to each other, thereby abusing its discretion and exceeding its statutory authority."  *Id.* at ¶ 10.

¶ 10       Similarly here, mother never wavered in her stated intent to move to Alabama with the children.  Three months before the permanent orders hearing, she filed a proposed parenting plan premised on her relocation.  At the hearing, mother reaffirmed that desire in her opening statement, in her testimony, and in closing argument.  Mother testified that she wanted to move to Alabama to be close to her sister, to have access to a trade school and medical facilities for her oldest daughter (not of this relationship), and to take advantage of the lower cost of living.  Mother had her home

appraised and had been exploring career options in Alabama. And she had obtained court permission to relocate with her other two daughters in a separate case.

¶ 11 True, mother testified that whether she could "even go forward with moving" depended on the outcome of the permanent orders hearing. But mother's admission that she would not move without her children didn't relieve the district court of its "obligation to make the difficult decision to allocate parenting time" with mother in Alabama and father in Colorado. *See id.* at ¶ 14.

¶ 12 Accordingly, we reverse the parenting time order. On remand, the district court must accept the location in which each party intends to live (father in Colorado, mother in Alabama) and allocate parenting time accordingly. The district court "has no authority on remand to issue an order that effectively coerces mother into abandoning her plans to relocate" to Alabama. *Id.* at ¶ 15. However, the court may exercise its discretion "to fashion an alternative plan" that allows mother to remain in Colorado if she decides against relocation in the event that the court names father as the primary residential parent in Colorado. *Id.*

¶ 13    To the extent mother argues that the district court erred when it ordered that the parties share all major decisions, we discern no abuse of discretion in that order.  The court's findings, which enjoy record support, reflect its consideration of the children's best interests after having considered any conflicting evidence.  *See* § 14-10-124(1.5)(a); *see also In re Marriage of Hatton,* 160 P.3d 326, 335 (Colo. App. 2007) (noting that we will disturb the district court's factual findings only if they lack record support);  *See In re Marriage of McNamara,* 962 P.2d 330, 333-34 (Colo. App. 1998) (noting that it's district court's responsibility to judge the credibility of witnesses and resolve conflicting evidence).

### III.    Disposition

¶ 14    The portion of the judgment concerning decision-making responsibility is affirmed.  The portion of the judgment allocating parenting time is reversed, and the case is remanded with directions to enter a new parenting time plan in accordance with *Spahmer* and *Morgan.*  Although we don't disturb the court's factual findings, we recognize that the children's circumstances may have changed since the district court entered its judgment.  *See In re Parental Responsibilities Concerning M.W.,* 2012 COA 162, ¶ 27.

Thus, although on remand the court may rely on the existing record in determining the children's best interests, it must also provide the parties with the opportunity to present additional evidence concerning the children's current circumstances. *Id.* The existing allocation of parental responsibilities shall remain in place pending new orders on remand. *See id.*

¶ 15 Those portions of the judgment not challenged on appeal remain undisturbed.

JUDGE TOW and JUDGE LUM concur.