In re the MARRIAGE OF Jacqueline Elaine ENSMINGER, Petitioner,

and

Gary D. Ensminger, Respondent,

and

Concerning Norman B. Beecher, Attorney–Appellant,

and

Keith Bollenbaugh, Subpoenaed Third Party, Appellee.

No. 07CA2290.

Colorado Court of Appeals, Div. I.

Dec. 11, 2008.

Rehearing Denied Feb. 19, 2009.

Certiorari Denied June 15, 2009.

Norman B. Beecher, PC, Norman B. Beecher, Aurora, Colorado, for Attorney–Appellant.

Pickard & Associates, PC, Joe Pickard, Justin Ross, Littleton, Colorado, for Appellee.

Opinion by Judge RICHMAN.

In this dissolution of marriage action, Norman B. Beecher (wife's attorney) appeals from the trial court's order awarding attorney fees against him arising from his improper subpoena of a non-party. We affirm.

### I.

During proceedings to dissolve the marriage of Jacqueline Elaine Ensminger (wife) and Gary D. Ensminger (husband), wife's attorney issued a subpoena to Keith Bollenbaugh, a non-party to the case, to appear, give testimony, and produce telephonic, fax, and e-mail records at a temporary orders hearing. At the time, wife's attorney was representing Bollenbaugh's wife in the Bollenbaughs' separate divorce proceeding.

Through counsel, Bollenbaugh moved to quash the subpoena and for attorney fees, asserting the subpoena was defective and constituted harassment. Wife, through her attorney, filed a response asserting the sub-

poena was validly served and not unduly burdensome.

At a hearing on the motion to quash, Bollenbaugh argued that the documents sought by the subpoena were not relevant to the instant dissolution proceeding. Wife's attorney urged that the appearance of Bollenbaugh might be relevant to a request for a protection order against husband, but did not explain the need for the documents. The magistrate quashed the subpoena, stating that he did not see the "relevancy of the information" sought from Bollenbaugh, and granted Bollenbaugh's request for attorney fees.

In a separate order, the magistrate granted husband's motion to disqualify wife's attorney due primarily to the finding of a personal relationship between the attorney and his client, but also noting that the subpoena of Bollenbaugh was not issued in good faith, it was an abuse of the judicial process, and wife's attorney was "using the legal process to expand unnecessarily the scope of this dissolution of marriage."

Bollenbaugh's counsel claimed $1,410 in attorney fees, supported by an affidavit setting forth the work performed and the fees incurred in connection with moving to quash the subpoena and appearing at the hearing. Wife's attorney filed no response. The magistrate awarded the fees, stating that the subpoena was issued without compliance with the rules of civil procedure and there was no showing of relevance.

Wife and wife's attorney filed a timely petition under C.R.M. 7 for district court review of the order disqualifying wife's attorney and the order awarding attorney fees to Bollenbaugh. The district court affirmed both rulings. The court determined that the magistrate implicitly found that the subpoena lacked "substantial justification," and accordingly an award of attorney fees was "not only permitted but mandated" by section 13–17–102(2), C.R.S.2008.

The district court denied wife's attorney's motion for reconsideration under C.R.C.P. 59. Wife's attorney now appeals the award of attorney fees.

## II.

The decision to award attorney fees under section 13–17–102, C.R.S.2008, is within the discretion of the trial court. The decision will not be disturbed on review if the evidence supports it. *City of Aurora v. Colo. State Eng'r,* 105 P.3d 595, 618 (Colo.2005); *In re Marriage of Eggert,* 53 P.3d 794, 797 (Colo.App.2002). The trial court abuses its discretion when its findings are so manifestly against the weight of the evidence as to compel a contrary result. *Colo. Citizens for Ethics in Gov't v. Comm. for Am. Dream,* 187 P.3d 1207, 1220 (Colo.App.2008).

## III.

Before reaching wife's attorney's argument that the court abused its discretion in awarding attorney fees, we address whether attorney fees may be awarded under the statute in favor of a non-party.

Section 13–17–102(2), C.R.S.2008, provides for an award of reasonable attorney fees against any attorney or party who has "brought or defended a civil action, either in whole or in part," that lacked substantial justification. "Lacked substantial justification" is defined as "substantially frivolous, substantially groundless, or substantially vexatious." § 13–17–102(4), C.R.S.2008. Because the express language of subsection (2) refers to the bringing or defending of "a civil action," the provision may not provide for attorney fees in connection with the issuance of a subpoena or other discovery process that lacks substantial justification unless such conduct is considered "part" of an action. The only published opinion we have found that construes "part" of an action, *Anderson Boneless Beef, Inc. v. Sunshine Health Care Ctr., Inc.,* 878 P.2d 98, 100–01 (Colo.App. 1994), held that a frivolous garnishment, although an ancillary proceeding in aid of execution pursuant to an existing judgment, is a "part" of an action and falls within the ambit of the attorney fees act.

However, we need not decide whether a subpoena is "part" of an action within the language of that subsection, as we hold that attorney fees are available here under the plain language of subsection (4) of the stat-

ute. *See Negron v. Golder,* 111 P.3d 538, 542 (Colo.App.2004) (if the trial court reached the correct result, we may affirm its determination on different grounds).

Subsection (4) of the statute specifically authorizes attorney fees to be awarded if, upon motion of any party or the court itself, the court finds that an attorney

> brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment *or if it finds that any attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures under the Colorado rules of civil procedure.*

§ 13–17–102(4) (emphasis added). Although no Colorado appellate opinion has expressly held that attorney fees are available to improperly subpoenaed non-parties under section 13–17–102(4), we conclude that subsection (4) is applicable in such cases.

We interpret subsection (4) to provide for the assessment of attorney fees in favor of a non-party, as well as a party, so long as a trial court finds that with respect to the non-party, any attorney or party (1) engaged in conduct interposed for delay or harassment, or (2) unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures under the Colorado Rules of Civil Procedure.

We reach this conclusion because the plain language of the statute provides for an award of attorney fees for discovery abuses, and abuses of discovery and unnecessary expansion of proceedings commonly involve non-parties as well as the parties to the litigation. Although the subsection uses the phrase "upon the motion of any party or the court itself," we discern nothing in the language of the statute precluding the court from providing a remedy to wrongfully subpoenaed persons who are required to appear before the court and forced to incur attorney fees.

In *Roberts–Henry v. Richter,* 802 P.2d 1159, 1162 (Colo.App.1990), a division of this court upheld the denial of attorney fees to a non-party, assuming without deciding that subsection (4) authorized such fees, but finding that no motion was made on behalf of the non-party by the plaintiff. To the extent that *Roberts–Henry* may be read to require a party to invoke the statute on behalf of a non-party, we decline to follow it. *See Ochoa v. Vered,* 186 P.3d 107, 112–13 (Colo.App. 2008) (one division of the court of appeals is not bound by the decision of another division).

Accordingly, we hold that attorney fees may be awarded to non-parties as well as parties under section 13–17–102(4) for the unnecessary expansion of proceedings or other conduct described in the statute.

### IV.

Wife's attorney contends the trial court abused its discretion in upholding the award of fees and particularly the amount of fees, asserting that the court did not properly consider the pertinent factors set forth in section 13–17–103(1), C.R.S.2008. We disagree.

The court need address only those factors that are relevant to the circumstances involved in the case. *See In re Marriage of Aldrich,* 945 P.2d 1370, 1378–79 (Colo.1997); *Sullivan v. Lutz,* 827 P.2d 626, 628 (Colo. App.1992). A trial court is not required to make a finding on every factor addressed by the parties—it need only specify the reasons for the award. *See Colo. Citizens for Ethics in Gov't,* 187 P.3d at 1222. Here the trial court addressed the factors relevant to an award of attorney fees against wife's attorney under these circumstances.

Wife's attorney relies on *In re Marriage of Gomez,* 728 P.2d 747, 750 (Colo.App.1986), to urge reversal of the magistrate's order. However, there the order awarding attorney fees included only a conclusory finding that a claim was frivolous. Here, the magistrate adequately set forth the reasons for his findings that wife's attorney acted in bad faith and abused the judicial process in issuing the subpoena to Bollenbaugh.

Wife's attorney cites no law, and we are not aware of any, precluding the magistrate's findings of bad faith and abuse of process, made in conjunction with the order

disqualifying wife's attorney, from appearing in two separate orders. Such findings need not appear solely in orders addressing the award of attorney fees. The petition for review raised both issues simultaneously, and both issues were considered together by the trial court. We conclude that the trial court did not abuse its discretion in relying on the magistrate's findings made in the order disqualifying wife's attorney.

We do not consider wife's attorney's arguments citing *Kinsey v. Preeson*, 746 P.2d 542 (Colo.1987), and *City of Wheat Ridge v. Cerveny*, 913 P.2d 1110 (Colo.1996), as to the reasonableness of the amount of the fees awarded because this issue was not raised in the trial court at any stage of the proceedings, including the C.R.M. 7 review. Arguments not presented at trial cannot be raised for the first time on appeal. *See Christensen v. Hoover*, 643 P.2d 525, 531 (Colo.1982); *In re Marriage of Atencio*, 47 P.3d 718, 722 (Colo.App.2002).

Wife's attorney also contends, based on *Pedlow v. Stamp*, 776 P.2d 382 (Colo.1989), that the magistrate abused his discretion by not holding a hearing on Bollenbaugh's request for attorney fees. But a trial court need not hold a hearing sua sponte on a motion for attorney fees, and a party who fails to make a timely request for such a hearing waives the right to a hearing. *In re Marriage of Aldrich*, 945 P.2d at 1380. Wife's attorney did not request a hearing, and therefore the magistrate did not abuse his discretion in not holding one.

The order is affirmed.

Judge ROTHENBERG and Judge LICHTENSTEIN concur.