23CA1530 Parental Resp Conc RNM 07-18-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1530 Pueblo County District Court No. 19DR30041 Honorable Kimberly Jo Karn, Judge In re the Parental Responsibilities Concerning R.N.M., a Child, and Concerning Brianne Bennett Perkins, Appellee, and Royce Nicholas Martinez, Appellant. JUDGMENT AFFIRMED Division VII Opinion by JUDGE RICHMAN* Gomez and Kuhn, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 18, 2024 No Appearance for Appellee Mark Anthony Law, Mark Anthony Barrionuevo, Colorado Springs, Colorado, for Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
 1 ¶ 1 In this proceeding involving Royce Nicholas Martinez (father) and Brianne Bennett Perkins (mother), father appeals the district court’s order granting mother’s motion to modify parenting time. We affirm. I. Background ¶ 2 The parties, who never married, have one child, R.N.M., born in 2018. As part of the 2019 order establishing the allocation of parental responsibilities between father and mother, the district court ordered that mother would have sole decision-making authority for any major decisions regarding education, medical care, and religion. The court also ordered a step-up parenting plan that ended with 50/50 parenting time. ¶ 3 In 2022, father moved to modify decision-making responsibility. The court appointed a child and family investigator (CFI), who filed a report. The report stated that the child — who “likes to dress as a girl sometimes even though he plays with trucks and dolls and identifies as a boy” — does not receive appropriate support from father, who “only wants to see the child act as a ‘typical boy.’” According to the report, the child “appeared guarded and tense” with father at father’s home, and father got tense when 
 2 the child wore a tutu and boa during a visit to the CFI’s office. The CFI recommended that decision-making continue with mother and that father’s parenting time be limited from a 2-2-3 plan to 2 days per week during specific times, noting that father’s behavior caused the child to have “an emotional problem.” ¶ 4 After the CFI filed her report, father withdrew his motion to modify decision-making and mother filed her own motion to modify parenting time. The CFI then filed a two-page addendum to her report, reiterating the conclusion from her initial report that father does “not allow[] [the child] to be himself and wear . . . feminine attire or play with or have a doll while in father’s presence.” Similar to the report, the addendum stated that this caused the child “emotional psychological distress.” This time, the CFI recommended that father’s parenting time be further restricted to five hours during one day per week with no overnight visits. ¶ 5 In 2023, after a hearing on mother’s motion, the district court modified father’s parenting time, in part according to the CFI’s report recommendations, limiting parenting time to five hours on Fridays and eight hours on Saturdays. 
 3 II. Applicable Law and Standard of Review ¶ 6 The district court may appoint a CFI to investigate, report, and make recommendations in proceedings involving the allocation of parental responsibilities, taking into account the child’s best interests under section 14-10-124, C.R.S. 2023. § 14-10-116.5(1)-
(2), C.R.S. 2023. The CFI in this case was governed by Chief Justice Directive 04-08, Directive Concerning Court Appointments of Child and Family Investigators Pursuant to Section 14-10-116.5, C.R.S. (amended Nov. 8, 2021) (CJD 04-08), which addressed the appointment, payment, training, and duties of the CFI, as well as the duties and responsibilities of the court relative to an investigation. ¶ 7 A court may modify parenting time when the modification serves the child’s best interests. § 14-10-129(1)(a)(I), C.R.S. 2023; see In re Parental Responsibilities Concerning S.Z.S., 2022 COA 105, ¶ 14; see also § 14-10-124(1.5)(a). But the court may not impose restrictions on parenting time unless it finds that the parenting time would endanger the child’s physical health or significantly impair the child’s emotional development and enumerates the findings supporting the restriction. § 14-10-124(1.5)(a). 
 4 ¶ 8 The district court’s discretion in the area of parenting time is broad, and we exercise every presumption in favor of upholding its decision. S.Z.S., ¶ 13. We will not disturb the court’s ruling unless it is manifestly arbitrary, unfair, or unreasonable, or based on a misapplication of the law. In re Marriage of Gromicko, 2017 CO 1, ¶ 18. We therefore will affirm the order when evidence supports it. In re Marriage of Hatton, 160 P.3d 326, 330 (Colo. App. 2007). III. CFI’s Testimony and Report ¶ 9 Father contends that the district court should have struck the CFI’s report and testimony because the CFI (1) was biased against him; (2) acted beyond her court appointment; and (3) improperly appeared virtually for the hearing in violation of C.R.C.P. 43. We are not convinced. A. Bias ¶ 10 Father contends that the CFI did not “assure both fairness and the appearance of fairness” pursuant to CJD 04-08. Specifically, father asserts his hearing testimony established that the CFI • falsely assured him that he would get 50/50 parenting time, so he came to the hearing unprepared; 
 5 • did not include photos father took of the child’s bruises allegedly caused by mother; • recommended therapy although father had already gone to therapy; • erroneously reported that father pinched and hit the child; and • did not include mother’s shortcomings in the report. As we describe below, we conclude that the record contains no grounds compelling the district court to reject the opinions and testimony of the CFI. ¶ 11 The district court — which, in its discretion, partially adopted the CFI’s recommendations over father’s objections — found that the CFI’s report and addendum showed that father did not “support his child’s personal choices and . . . create[d] an environment where [the child] does not feel like he can be himself.” See In re Marriage of McNamara, 962 P.2d 330, 333-34 (Colo. App. 1998) (district court’s responsibility to judge credibility of witnesses and resolve conflicting evidence as to child’s best interests). The record supports this conclusion. 
 6 ¶ 12 The CFI’s report shows that the CFI approached her duties impartially. For instance, pursuant to CJD 04-08, Standard 8, the CFI interviewed both mother and father at their homes and observed each parent’s interactions with the child. Similarly, the report shows that the CFI considered the child’s disclosure that he was pinched and hit by father, but ultimately concluded that no child abuse was taking place. Finally, the report shows that the CFI considered the child’s best interests factors pursuant to section 14-10-124(1.5)(a)(I)-(XI) before concluding that, although both parents “love their child,” it is in the child’s best interests for mother to “continue to have decision making and that [father’s] parenting time be changed.” ¶ 13 Moreover, because father provided no transcript of his testimony or the CFI’s, we must presume that the district court’s factual findings were supported by the evidence.
1 See In re Marriage of Rivera, 91 P.3d 464, 466 (Colo. App. 2004) (it is the obligation of 1 Although father contends that the rest of the transcript was not available, there is no indication of this in the existing record. Furthermore, father could have used the procedure in C.A.R. 10(e) to offer a statement of the evidence for the parts of the hearing where no transcript was available. 
 7 the party asserting error in a judgment to present a record that discloses that error, because a judgment is presumed to be correct until the contrary affirmatively appears). ¶ 14 Even without a complete transcript, there is evidence that the CFI approached her duties impartially and that she formulated her recommendations based on the child’s best interests. Therefore, we perceive no abuse of discretion in the court’s reliance on her recommendations. See In re Parental Responsibilities Concerning M.J.K., 200 P.3d 1106, 1114 (Colo. App. 2008), disagreed with on other grounds by In re D.I.S., 249 P.3d 775 (Colo. 2011). B. CFI’s Court Appointment ¶ 15 Father argues that the CFI exceeded her court appointment when she (1) commented not only on decision-making responsibilities, but also on parenting time for the child; and (2) filed an unsolicited addendum to her report, prejudicing him. We perceive no basis for reversal. ¶ 16 As an initial matter, in the absence of a complete transcript of the hearing, we cannot determine whether father preserved this issue. See In re Marriage of Ensminger, 209 P.3d 1163, 1167 (Colo. 
 8 App. 2008) (issues not presented before district court may not be raised for the first time on appeal). ¶ 17 Nevertheless, even assuming the issue was preserved, we perceive no error. The district court may make or modify an order granting or denying parenting time rights whenever such order or modification would serve the child’s best interests. See § 14-10-
129(1)(a)(I). In making this determination, a court may adopt a CFI’s findings and recommendations, but it is not required to do so. See In re Parental Responsibilities Concerning B.J., 242 P.3d 1128, 1133 (Colo. 2010). Ultimately, it is the court’s role to weigh the CFI’s recommendations pursuant to the appropriate standards to determine whether they are in the child’s best interests. See id.; see also In re Custody of C.J.S., 37 P.3d 479, 483 (Colo. App. 2001) (no abuse of discretion in the district court’s approval of the special advocate’s recommendations where those recommendations were based upon the best interests standard). ¶ 18 Here, the CFI concluded, in both her report and her addendum, that limiting father’s parenting time was in the child’s best interest. The court then, explicitly considering all of the best interest factors listed in section 14-10-124(1.5)(a), found that the 
 9 CFI’s recommendations concerning father’s parenting time were in the child’s best interests. The court also found that “continuing with Father’s parenting time would significantly impair the child’s emotional development and could even impact his physical health (self harming behavior).” Because the court has discretion in adopting the CFI’s recommendations, we perceive no reversible error in the court’s adoption of new parenting time recommendations in the child’s best interests. ¶ 19 Moreover, although father generally asserts that the CFI’s addendum prejudiced him, the record shows that the district court adopted the CFI’s recommendations from her initial report, and not from her addendum (which would have been more restrictive of father’s parenting time). ¶ 20 Given this evidence confirming that the district court was guided by the child’s best interests when it adopted the CFI’s recommendations, we will not disturb the court’s parenting time determination. C. Virtual Appearance ¶ 21 Father contends that the district court erred by allowing the CFI to testify virtually without a properly filed motion pursuant to 
 10 C.R.C.P. 43(i)(1). Father did not preserve this argument for our review. At the hearing, father’s counsel objected to the court considering the CFI’s report and addendum without allowing him to cross-examine her. The court then, sua sponte, requested that the CFI be made available to testify virtually. The record does not include a further objection by father, and father does not claim it appears in the unproduced transcript. This argument, unpresented at the hearing, cannot be raised for the first time before this court. See Ensminger, 209 P.3d at1167; see Valentine v. Mountain States Mut. Cas. Co., 252 P.3d 1182, 1188 n.5 (Colo. App. 2011) (“A party’s mere opposition to its adversary’s request . . . does not preserve all potential avenues for relief on appeal. We review only the specific arguments a party pursued before the district court.”). IV. Alleged District Court Bias ¶ 22 Father contends that the district court erred by advocating for mother because she was self-represented, prejudicing him and requiring reversal. We disagree. A. Relevant Law and Standard of Review ¶ 23 The Code of Judicial Conduct requires disqualification of a judge when the judge’s involvement with a case might create the 
 11 appearance of impropriety or when the judge has a personal bias concerning a party. C.J.C. 2.11(A); see also People in Interest of A.G., 262 P.3d 646, 650 (Colo. 2011). C.R.C.P. 97 also requires disqualification of a judge who is “interested or prejudiced” in an action. See A.G., 262 P.3d at 651. ¶ 24 A judge who is disqualified based on an appearance of impropriety may be able to act impartially, but the judge is disqualified nonetheless because a reasonable observer might have doubts about the judge’s impartiality. Id. at 650. In contrast to an appearance of impropriety, actual bias focuses on the subjective motivations of the judge. Id. at 651. Disqualification based on an actual bias is designed to ensure that litigants receive a fair, impartial trial. Id. ¶ 25 The record must clearly demonstrate the alleged bias. See People in Interest of A.P., 2022 CO 24, ¶ 30. To disqualify a judge for actual bias, a party must show that the judge has “a substantial bent of mind,” id. (citation omitted), that “in all probability will prevent [the judge] from dealing fairly with a party,” A.G., 262 P.3d at 650 (citation omitted). The United States Supreme Court has clarified that a judge’s “remarks during the course of a trial that are 
 12 critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.” Liteky v. United States, 510 U.S. 540, 555 (1994); see also A.P., ¶ 30. Adverse legal rulings are also unlikely to provide grounds for a bias claim. See A.P., ¶ 30. ¶ 26 Because disqualification based on actual bias is designed to ensure that litigants receive a fair, impartial trial, there is no provision for waiving it. A.G., 262 P.3d at 651. Thus, claims for disqualification based on actual bias may be considered on appeal even when they were not raised in the district court. See Bocian v. Owners Ins. Co., 2020 COA 98, ¶ 52; see also People v. Jennings, 2021 COA 112, ¶ 21. We review a claim for disqualification based on actual bias de novo. Jennings, ¶ 27. B. Analysis ¶ 27 Father did not seek to disqualify the judge based on an appearance of impropriety pursuant to C.R.C.P. 97. He is therefore limited to seeking review for disqualification for actual bias. See A.G., 262 P.3d at 651. 
 13 ¶ 28 The record does not support allegations of actual bias. For instance, father argues that the following questions from the judge to mother demonstrated bias: • “So are you requesting the Court to review that CFI investigation results?” • “So, you said [the child] prefers to be called by a female name?” • “[I]t looks like you’re requesting that [father] have [the child] on Thursday from [three] to [eight] . . . .” Father does not explain, nor can we ascertain, how these questions — which seek clarification from a pro se party — clearly demonstrate bias toward him. See Cornelius v. River Ridge Ranch Landowners Ass’n, 202 P.3d 564, 572 (Colo. 2009) (court may take into account that party is pro se). Similarly, father does not explain how the judge clearly demonstrated bias when she requested that mother explain her imprecise testimony that the child was “displaying certain like wants that [mother wasn’t] so sure to involve [father] in due to how [the child] was acting towards talking about it.” 
 14 ¶ 29 Finally, father asserts that the judge’s evidentiary rulings — including rulings with regard to evidence allegedly not in the record and various rulings on his counsel’s objections — evince bias against him. However, a judge’s rulings, even when “erroneous, numerous and continuous, are not sufficient in themselves to show bias or prejudice.” A.P., ¶ 32 (quoting Schupper v. People, 157 P.3d 516, 521 n.5 (Colo. 2007)). ¶ 30 In sum, our review of the record does not reveal that the judge had a “substantial bent of mind” that would probably prevent the judge from dealing fairly with a party, as required to establish actual bias. See id. at ¶ 37. V. Disposition ¶ 31 The judgment is affirmed. JUDGE GOMEZ and JUDGE KUHN concur.