25CA0499 Marriage of Gorski 11-20-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0499
Adams County District Court No. 23DR1078
Honorable Kelley R. Southerland, Judge
Honorable Sarah E. Stout, Judge

---

In re the Marriage of

Alexa Rose Gorski,

Appellee,

and

Jeffrey Allyn Gorski,

Appellant.

---

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE FREYRE
Pawar and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 20, 2025

---

Belzer Law, Aaron B. Belzer, Ashlee N. Hoffmann, Boulder, Colorado, for
Appellee

Colorado Legal Group, Ronald B. Taylor, Denver, Colorado, for Appellant

¶ 1    In this dissolution of marriage case between Jeffery Allyn Gorski (father) and Alexa Rose Gorski (mother), father appeals a portion of the district court's permanent orders concerning holiday parenting time and attorney fees.  We affirm the judgment in part, reverse it in part, and remand the case for further proceedings.

## I.    Relevant Facts

¶ 2    The parties successfully mediated nearly every issue in their dissolution case and filed a memorandum of understanding (MOU) memorializing their agreements.  However, the parties reached an impasse about certain holiday parenting time and, therefore, requested a hearing on the issue.  Following an evidentiary hearing, the district court granted mother's request to alternate Christmas Eve and Christmas Day every year (Christmas order) and subsequently granted mother attorney fees.

¶ 3    After the parties filed a parenting plan incorporating the court's ruling on the Christmas parenting time issue, the court entered a decree dissolving the parties' marriage on March 9, 2025.  Father filed his notice of appeal on March 21, 2025.

1

## II.        Appellate Jurisdiction

¶ 4        We reject mother's argument that we lack jurisdiction to review the issue of Christmas parenting time on the basis that father appealed too late.  *See In re Marriage of James*, 2023 COA 51, ¶ 8 ("The timely filing of a notice of appeal is a jurisdictional prerequisite for appellate review.").  Mother asserts that the Christmas order was a final, appealable order.  However, the parties' marriage was not yet dissolved at the time the court issued the Christmas order.  Therefore, the dissolution decree, not the Christmas order, was the final appealable judgment because it resolved all outstanding issues between the parties.  *See In re Marriage of Wiggs*, 2025 COA 10, ¶ 9 (in dissolution proceedings, an order generally is not final and appealable until the district court has issued permanent orders resolving all outstanding issues between the parties); *see also In re Marriage of Salby*, 126 P.3d 291, 294 (Colo. App. 2005) ("A final judgment ends the proceeding in which it is entered and leaves nothing further to be done regarding the rights of the parties.").

¶ 5    Father filed his notice of appeal within forty-nine days of the issuance of the decree.  *See* C.A.R. 4(a)(1).  Thus, we have jurisdiction to address this issue.

### III.    Christmas Parenting Time

#### 1.    A.    Legal Principles and Standard of Review

¶ 6    When allocating parenting time, a district court must focus on the child's best interests, giving paramount consideration to the child's safety and their physical, mental, and emotional conditions and needs.  *See* §§ 14-10-123.4(1)(a), 14-10-124(1.5), (1.7), C.R.S. 2025; *In re Marriage of Morgan*, 2018 COA 116M, ¶ 17.  In making this determination, the court must consider all relevant factors, including those factors identified in section 14-10-124(1.5)(a).  *See Morgan*, ¶ 17.

¶ 7    The court's discretion in the area of parenting time is broad, and we exercise every presumption in favor of upholding its decision.  *In re Marriage of Hatton*, 160 P.3d 326, 330 (Colo. App. 2007).  A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or is based on a misapplication of the law.  *In re Marriage of Evans*, 2021 COA 141, ¶ 25.

3

¶ 8    However, we review the court's application of the law de novo. *In re Marriage of Badawiyeh*, 2023 COA 4, ¶ 10.

## 2.    B.    Waiver

¶ 9    Mother argues that father waived the Christmas parenting time issue, precluding appellate review.  We are not convinced.  In support, she cites father's agreement in the MOU to "equally share and alternate major holidays, with a specific schedule to be provided in [the parties'] Parenting Plan."  Mother also cites provisions in the parenting plan, such as the Christmas parenting time schedule the court adopted and father's agreement that the plan is in the child's best interests.

¶ 10    "Waiver is the intentional relinquishment of a known right; it may be express, as when a party states its intent to abandon an existing right, or implied, as when a party engages in conduct which manifests an intent to relinquish the right or acts inconsistently with its assertion." *Evans*, ¶ 24.

¶ 11    Father did not waive his objection to this issue for purposes of appeal.  Notwithstanding their vague agreement in the MOU concerning major holidays, the parties jointly requested an evidentiary hearing on the disputed issue of Christmas parenting

4

time. Following the court's resolution of this issue after the hearing, the parties then merely incorporated the Christmas order into the parenting plan. Accordingly, father neither expressly waived nor impliedly waived his objection on this issue. *See id.*

### 3. C. The Parties' Positions and the Christmas Order

¶ 12 Father, who testified that he is Christian, requested that he be allocated Christmas Eve and Christmas Day every year "due to his religious beliefs" and his limited holiday time off work. At the time of the hearing, father received only Christmas Eve and Christmas Day off work for the end-of-year holidays (not including paid time off).

¶ 13 Mother, on the other hand, requested that the parents alternate Christmas Eve and Christmas Day every year until the child began his formal education and, thereafter, alternate the first and second half of the child's winter break. (Father agreed to alternate winter break weeks but still sought Christmas Eve and Christmas Day every year.) Mother, who testified that she is Jewish, argued that father was attempting to elevate his religious beliefs over her parenting time on "secular state holidays" under

section 24-11-101, C.R.S. 2025. At the time of the hearing, mother worked in the school system and had winter breaks off from work.

¶ 14 Following the hearing, the court adopted mother's proposed holiday parenting time schedule, concluding that it would serve the child's best interests. The court was persuaded by mother that, "because a state-sanctioned holiday also happens to be a religious holiday for some parents does not also mean that the parent who celebrates that holiday should always be allocated that time, absent parental agreement." And it reasoned that granting father's request, over mother's objection, would amount to "prioritizing a parent's religion over the other parent's right to parent on a state-sanctioned holiday."

### 4. D. The District Court Did Not Misapply the Law

¶ 15 For the first time on appeal, father asserts that the district court misapplied the law in deciding the Christmas order because it did not apply a "two prong test," either in addition to or in lieu of the best interests test under section 14-10-124(1.5)(a). Apparently relying on a West Virginia case, *State ex rel. Brandon L. v. Moats,* 551 S.E.2d 674, 684 (W. Va. 2001), father claims that the court should have applied a "two prong approach to balance the

competing interests" of "general parental rights to parent balanced with parental religious freedoms" and "the child's welfare." However, we are not bound by the decisions of the courts of other states. *Wal-Mart Stores, Inc. v. United Food & Com. Workers Int'l Union*, 2016 COA 72, ¶ 17. And because father did not raise this argument in the district court, we do not address it further. *See In re Marriage of Ensminger*, 209 P.3d 1163, 1167 (Colo. App. 2008) ("Arguments not presented at trial cannot be raised for the first time on appeal.").

¶ 16    Father also summarily asserts that the court did not apply the "best interests lens" to its review of the evidence. However, in its Christmas order, the court noted that it considered the child's best interests and determined they were served by adopting mother's proposed holiday schedule. And, at the conclusion of the hearing, the court stated that it would "do [its] very best to meet [the child's] needs, first and foremost, and [the] parents' wishes as well." *See* § 14-10-124(1.5)(a)(I). Thus, we are unpersuaded by father's assertion.

¶ 17    Accordingly, the court did not misapply the law.

5.  E.  The District Court Did Not Abuse Its Discretion

¶ 18  Notwithstanding father's statement in his opening brief that this case is "not about the [district court's] ultimate allocation," he contends that the court abused its discretion in deciding holiday parenting time. For the reasons we discuss below, we are not convinced.

¶ 19  First, father incorrectly asserts that the court concluded that it "could not as a matter of law consider" his Christmas parenting time request. The court drew no such conclusion and, to the contrary, considered father's wishes for parenting time, consistent with section 14-10-124(1.5)(a)(I). That the court was persuaded by mother's argument, rather than father's, does not mean that the court didn't consider his argument or parenting time wishes.

¶ 20  Further, we may and do presume that the court considered the evidence that father presented. *See In re Marriage of Udis*, 780 P.2d 499, 504 (Colo. 1989) (appellate court may presume that the district court considered all the evidence presented, even if the order does not expressly recite such evidence).

¶ 21  Second, we reject father's contention that the court made "no factual findings" in the Christmas order. The court indeed made

8

factual findings about the parents' work schedules and holiday time off and it took judicial notice of certain adjudicative facts, including the "fact that public schools in the State of Colorado are closed for approximately two weeks each year over what is called 'Winter Break,'" which includes Christmas Eve and Christmas Day. *See* CRE 201. In addition, the court indicated in the Christmas order that it considered the "relevant statutory provisions." As discussed, the court orally noted that it would do its best to meet the child's needs, as well as the parents' wishes. Considering this record, we are unpersuaded that its findings were inadequate. *See In re Marriage of Martin*, 42 P.3d 75, 77 (Colo. App. 2002) (a district court need not make specific findings on each factor, but the record must indicate that the court considered the pertinent factors).

¶ 22 In addition, mother testified that winter break was "one of the only times that parents and children have extended time off of work," and she continued, "If I were to have week one [of winter break], or some time but never have Christmas, that would always impede on those years of my ability to have uninterrupted time with [the child] or the ability to travel or go on vacation."

¶ 23 Third, father otherwise essentially asks us to reweigh the evidence to find in his favor and substitute our own judgment for that of the district court, which we cannot do. *See In re Marriage of Thorburn*, 2022 COA 80, ¶ 49 (it is for the district court to determine witness credibility and the weight, probative force, and sufficiency of the evidence, as well as the inferences and conclusions to be drawn therefrom); *see also In re Marriage of Kann*, 2017 COA 94, ¶ 36 ("[O]ur supreme court has . . . expressed unbridled confidence in [district] courts to weigh conflicting evidence.").

¶ 24 Accordingly, we discern no abuse of discretion in the court's Christmas order.

## IV. Attorney Fees in the District Court

¶ 25 Father contends that the district court erred by awarding mother attorney fees without making any factual findings to support its award. We agree.

### 6. A. Additional Facts

¶ 26 Mother requested attorney fees under section 13-17-102(4), C.R.S. 2025, asserting that father's holiday parenting time argument was frivolous. In the Christmas order, the court

10

authorized mother to file an attorney fee affidavit. The court subsequently stamped mother's attorney fee affidavit "granted by court."

### 7. B. Legal Principles and Standard of Review

¶ 27    A district court may award attorney fees under section 13-17-102(4) when it finds that a party brought an action, or any part thereof, that lacked substantial justification, meaning that the action was substantially frivolous, substantially groundless, or substantially vexatious. *In re Marriage of Tognoni*, 313 P.3d 655, 661 (Colo. App. 2011). When a court awards attorney fees under section 13-17-102, it must consider the relevant factors set forth in section 13-17-103(1), C.R.S. 2025, and make findings on those factors to explain how it arrived at the amount of its award. *See In re Marriage of Aldrich*, 945 P.2d 1370, 1378-79 (Colo. 1997); *Tognoni*, 313 P.3d at 661.

¶ 28    We review an award of attorney fees for an abuse of discretion. *Tognoni*, 313 P.3d at 661.

### 8. C. Analysis

¶ 29    In stamping mother's attorney fee affidavit "granted," the court did not make any findings justifying its award of attorney fees to

11

mother. Therefore, we must reverse the court's attorney fee award and remand the case to the district court to reconsider mother's attorney fee request. On remand, the court must consider the relevant factors in section 13-17-103(1) and make findings on those factors to explain how they justify a fee award. *See Aldrich*, 945 P.2d at 1378-79; *Tognoni*, 313 P.3d at 661.

V. Mother's Request for Appellate Attorney Fees and Costs

¶ 30 Mother requests an award of her appellate attorney fees under section 13-17-102 because she argues that father's argument is frivolous as filed. In support of this argument, mother cites, among other things, her assertions that father's contentions are untimely and waived. But, in light of our disposition, we are unpersuaded by these assertions. As additional support mother also references the district court award of attorney fees, claiming they were awarded because father's argument "lacked substantial justification," but, as discussed, we reverse that award for a lack of findings justifying the award. Moreover, an award of fees based on such a request is appropriate only in clear and unequivocal cases of egregious conduct where no rational argument is presented. *See Glover v. Serratoga Falls LLC*, 2021 CO 77, ¶ 70; *In re Parental*

*Responsibilities Concerning S.Z.S.*, 2022 COA 105, ¶ 53. While we certainly disagree with father's contention on holiday parenting time, we are not persuaded that his appeal was substantially frivolous.

¶ 31　　Mother also seeks her appellate costs. Because we affirm in part and reverse in part, the district court shall determine appellate costs on remand. *See* C.A.R. 39(a)(4) ("[I]f a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as ordered by the [district] court.").

## VI.　　Disposition

¶ 32　　The portion of the judgment deciding Christmas parenting time is affirmed, the portion granting mother attorney fees is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE PAWAR and JUDGE YUN concur.