25CA0681 Parental Resp Conc JD 01-15-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0681
City and County of Denver Juvenile Court No. 16JV891
Honorable Elizabeth McCarthy, Judge

---

In re the Parental Responsibilities Concerning J.D., a Child,

and Concerning Dystany Davis,

Appellant,

and

Kove Anthony Davis,

Appellee.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE FREYRE
Brown and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 15, 2026

---

Dystany Davis, Pro Se

No Appearance for Appellee

¶ 1    In this post-decree proceeding, Dystany Davis (mother) appeals the district court's order denying her motions to modify parenting time and decision-making responsibilities for J.D. (the child).  We affirm.

## I.    Background

¶ 2    In January 2023, Kove Anthony Davis (father) petitioned for an allocation of parental responsibilities.  Nine months later, the district court entered permanent orders awarding mother sole decision-making responsibilities and establishing a step-up parenting time schedule for father.

¶ 3    Father moved to Florida and, during a hearing in December 2024, mother agreed to modify the allocation of parental responsibilities to give father sole decision-making responsibilities and all parenting time with the child.  The court found that it was in the child's best interest to relocate to Florida and awarded father sole decision-making responsibilities and all parenting time except as otherwise agreed by the parties (December 2024 relocation order).

¶ 4    Days later, mother filed motions to restrict father's parenting time, modify parenting time, and change decision-making

1

responsibilities. Following a contested hearing in March 2025, the district court denied mother's requests but awarded her parenting time during some of the child's school breaks.

## II.     The Scope of this Appeal and Record Limitations

¶ 5     Mother represents herself on appeal. Doing so can be difficult, which is why "we liberally construe [her] filings while applying the same law and procedural rules applicable to a party represented by counsel." *Gandy v. Williams*, 2019 COA 118, ¶ 8. Accordingly, we seek to effectuate the substance, rather than the form, of her briefing. *People v. Cali*, 2020 CO 20, ¶ 34. However, we will not rewrite her arguments or act as an advocate on her behalf. *Johnson v. McGrath*, 2024 COA 5, ¶ 10. Therefore, at the outset we address what is — and what is not — properly before us.

¶ 6     The only order properly before us is the March 2025 order denying mother's motions to modify parenting time and decision-making responsibilities and modifying parenting time during the child's school breaks. Thus, we will address mother's contentions related to this order.

¶ 7     However, any other orders that mother seeks to challenge are not properly before us. *See In re Marriage of Roosa*, 89 P.3d 524,

529 (Colo. App. 2004) (disapproving of "[p]iecemeal review[s] of orders and judgments that do not fully resolve an issue or claim"); *see also* C.A.R. 1(a) (explaining that our jurisdiction is limited to review of final, appealable judgments or orders). Prior judgments that were not timely appealed have become final, are binding on the parties, and can no longer be appealed. *See Karr v. Williams*, 50 P.3d 910, 912 (Colo. 2002). As a result, we will not address mother's claims regarding (1) any 2023 and 2024 orders that she believes were entered in violation of her due process rights; (2) a June 2024 order resolving mother's motion concerning parenting time disputes; (3) the December 2024 relocation order; and (4) a temporary protection order issued, and subsequently dismissed, in December 2024.

¶ 8    Nor can we address the merits of mother's request to consider the child's mental health evaluation, submitted after the March 2025 hearing, or her contentions about father's "ongoing disregard of court orders." These arguments were not made to — or ruled on by — the district court in the March 2025 order that is the only order we can review in this appeal. *See Berra v. Springer & Steinberg, P.C.*, 251 P.3d 567, 570 (Colo. App. 2010) (to "properly"

3

preserve an argument, the party must have "presented to the trial court the sum and substance of the argument it now makes on appeal"); *see also In re Org. of N. Chaffee Cnty. Fire Prot. Dist.*, 544 P.2d 637, 638 (Colo. 1975) ("The purpose of an appellate court is to [r]eview judgments, not to make them for the trial court."). And we cannot consider material outside the record. *See In re Marriage of McSoud,* 131 P.3d 1208, 1223 (Colo. App. 2006) ("Only facts appearing in the record can be reviewed . . . .").

¶ 9     Finally, we observe that mother did not provide us with transcripts of the hearings that the district court held in this case. *See* C.A.R. 10(d)(3) ("The appellant must include in the record transcripts of all proceedings necessary for considering and deciding the issues on appeal."). This gap in the record has consequences for our decision-making because we must presume that the transcripts we do not have would support the court's findings and conclusions. *See In re Marriage of Green,* 169 P.3d 202, 203 (Colo. App. 2007).

### III.     Due Process

¶ 10    We decline to address mother's unpreserved assertion that the district court violated her due process rights by proceeding with the

March 2025 hearing despite father's "pattern of using false or inconsistent addresses that obstructed service and deprived [mother] of notice." Mother asserts that she preserved this claim "in motions filed between 2023 and 2024." But at no point in the record before us did mother contend that she was not properly notified of the March 2025 hearing or that she had been deprived of due process.

¶ 11 To preserve an issue for appeal, it must be presented in such a way that the district court had an opportunity to rule on it. *Berra*, 251 P.3d at 570; *see also In re Marriage of Ensminger*, 209 P.3d 1163, 1167 (Colo. App. 2008) (explaining that a party who fails to raise an argument in the district court forfeits that argument and may not raise it for the first time on appeal). Here, mother appeared at the March 2025 hearing and, therefore, had the opportunity to assert any alleged due process violations. But mother has not provided us with a transcript of the hearing, and we consequently have no way to determine if she raised these arguments to the district court. *See In re Marriage of Tagen*, 62 P.3d 1092, 1096 (Colo. App. 2002) ("It is the appellant's responsibility to designate the record on appeal, including any parts

5

of the trial proceeding that are necessary for purposes of the appeal . . . and we presume that material portions omitted from the record would support the judgment of the trial court.") (citations omitted). And mother does not contend that she alerted the district court to any due process violations during the March 2025 hearing. Therefore, because her due process claims are unpreserved, we will not consider them. *See Ensminger*, 209 P.3d at 1167.

## IV.    Modification of Decision-Making

¶ 12    Mother next contends that the district court erred by disregarding sections 14-10-124 and 14-10-131, C.R.S. 2025, when denying her request to modify decision-making responsibilities. We disagree.

### A.    Applicable Law and Standard of Review

¶ 13    The district court may modify a decree allocating decision-making responsibility when the circumstances have changed and the modification is necessary to serve the best interests of the child. § 14-10-131(2). But the court must retain the existing allocation unless (1) the parties agree to the modification; (2) the child has been integrated into the family of the petitioning party with the consent of the other party; (3) there has been a modification of

6

parenting time that warrants a change in decision-making responsibilities; (4) one parent has consistently consented to the other parent making individual decisions; or (5) the existing allocation "endanger[s] the child's physical health or significantly impairs the child's emotional development." § 14-10-131(2)(a)-(c).

¶ 14    Thus, a district court cannot modify decision-making responsibility based solely on the best interests of the child. *In re Marriage of Humphries*, 2024 COA 92M, ¶ 22. Rather, absent the parties' agreement or one of the other circumstances specified in section 14-10-131, a change in decision-making responsibility requires a finding of endangerment. *Id.* at ¶¶ 18, 20. This standard is "more stringent than the best interests of the child standard." *Id.* at ¶ 20. And making a finding of endangerment is "a highly individualized determination" which we will not disturb if it is supported by the record. *In re Marriage of Wenciker*, 2022 COA 74, ¶ 26 (citations omitted).

¶ 15    The allocation of parental responsibilities lies within the sound discretion of the district court. *In re Marriage of Crouch*, 2021 COA 3, ¶ 21. But we review de novo whether the district court applied the correct legal standard in making its determination. *Id.*

¶ 16    Here, the district court applied the correct legal standards.  It considered section 14-10-131(1)-(2) and concluded that, because the child was not endangered by the existing allocation of sole decision-making responsibilities to father, it was "prohibited from granting [mother's] request" to modify decision-making responsibilities.  And in the absence of a transcript of the March 2025 hearing, we must presume that the district court's findings were supported by the record.  *See Green*, 169 P.3d at 203.

¶ 17    Yet mother asserts that the court erred by (1) failing to consider her role as the child's "lifelong primary caregiver" and concerns about the child's mental well-being and physical safety; (2) deferring to father; and (3) relying on "flawed" recommendations from the child's guardian ad litem (GAL).  We review, and reject, each contention in turn.

¶ 18    First, mother essentially argues that, because of her historical role as the child's primary caregiver, it was in his best interest to grant her request to modify decision-making responsibilities.  *See* § 14-10-124(1.5)(a)(III), (1.5)(a)(VII), (1.5)(b) (allowing a court, when allocating decision-making responsibilities, to consider the

8

interaction and interrelationship of the child with his parents and the parties' past pattern of involvement with the child). But this argument disregards section 14-10-131(2) and the court's finding that, because one of the statutory prerequisites was not met, the court could not modify the existing allocation of decision-making responsibilities. *See Humphries*, ¶ 22. Additionally, to the extent mother argues that the court erred by finding that the child was not endangered by the allocation of sole decision-making responsibilities to father, because we do not have a transcript of the March 2025 hearing, we must presume that the record supports the district court's findings. *See Green*, 169 P.3d at 203.

¶ 19 Second, what mother characterizes as the district court's erroneous "deference" to father was, instead, the court's consideration of the section 14-10-131(2) preconditions to a modification of decision-making responsibility. Thus, we discern no improper partiality for father, or his position, by the court.

¶ 20 Finally, mother asserts that the court's reliance on the GAL's recommendations was erroneous because the GAL filed her position statement the night before the March 2025 hearing, depriving mother of a fair opportunity to review or respond. Additionally,

mother asserts that the GAL's methodologies were flawed because she "coerced recantations" from the parties' younger child, "excluded" mother from meetings, and ignored the child's mental health and safety in making her recommendations. However, before denying mother's motion to modify decision-making responsibilities, the district court considered mother's "testimony regarding [her] reasons for disagreement with the [GAL's] position." And in the absence of a transcript from the March 2025 hearing, we must presume that the court's order is supported by the record. *See Green*, 169 P.3d at 203.

¶ 21 Moreover, even if our review was not limited by the absence of a transcript, mother effectively asks us to reweigh the evidence, make credibility determinations, and substitute our judgment for that of the district court, which we cannot do. *See In re Marriage of Nelson*, 2012 COA 205, ¶ 35 (noting that an appellate court cannot substitute itself as a finder of fact); *Reid v. Pyle*, 51 P.3d 1064, 1068 (Colo. App. 2002) (explaining that when a court sits as the fact finder, the credibility of witnesses, the sufficiency, probative effect and weight of the evidence, and the inferences and conclusions to be drawn therefrom are all within its sole province); *see also*

*Wenciker*, ¶ 26 ("The trial court has broad discretion when modifying parental responsibilities, and we exercise every presumption in favor of upholding its decisions in this area.").

¶ 22    Consequently, we cannot say that the district court abused its broad discretion in denying mother's motion to modify decision-making responsibilities.

## V.    Modification of Parenting Time

¶ 23    Mother asserts that the district court erred by allowing the child to relocate to Florida with father, but as discussed above, the December 2024 relocation order is not properly before us. *See Karr*, 50 P.3d at 912. To the extent that mother asserts that the district court erred by denying her request to modify parenting time as part of its March 2025 order, we are not persuaded.

### A.    Applicable Law and Standard of Review

¶ 24    A court may not modify a permanent allocation of parenting time when doing so changes the parent with whom the child primarily resides unless the court finds, as relevant here, that (1) since issuing the permanent order, there has been a change in circumstances; and (2) the child's present environment endangers

the child's physical health or significantly impairs the child's emotional development.  § 14-10-129(2)(d), C.R.S. 2025.

¶ 25    The district court has broad discretion over the allocation of parenting time.  *In re Marriage of Collins*, 2023 COA 116M, ¶ 8.  We will not disturb a court's parenting time ruling absent a showing that the court abused its discretion, meaning that it misapplied the law or acted in a manifestly arbitrary, unreasonable, or unfair manner.  *Id.*  When reviewing the court's ruling, we exercise every presumption in favor of upholding it and will affirm the decision when the record supports it.  *Id.*

### B.    Analysis

¶ 26    Mother asserts that, following the child's move to Florida, his "well-being . . . deteriorated," and "his academics, medical care, and emotional health . . . all declined."  But after considering the evidence presented at the March 2025 hearing, including mother's testimony and request that the child reside primarily with her, the district court did not find any credible evidence that the environment in father's household endangered the child's physical health or significantly impaired his emotional development.  Therefore, the court denied mother's request to modify parenting

time because it did not meet the requirements of section 14-10-129(2)(d). And in the absence of a transcript, we must presume the record supports these findings. *See Green,* 169 P.3d at 203.

¶ 27 Mother also asserts that the district court erred by removing the parenting plan provision preventing paternal grandmother from attending parenting time exchanges and, therefore, "failing to protect [the child] from a known source of trauma." But the only evidence mother cites in support of her argument is an exhibit she submitted after the March 2025 hearing. And because the evidence was not presented to the district court for consideration prior to its March 2025 order, it is not preserved for our review. *See Berra,* 251 P.3d at 570; *McSoud,* 131 P.3d at 1223.

¶ 28 For these reasons, we conclude that the district court acted within its broad discretion when denying mother's motion to modify parenting time.

## VI. Disposition

¶ 29 The judgment is affirmed.

JUDGE BROWN and JUDGE SCHUTZ concur.